DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas that revoked appellant Ollie Mastronardi's probation. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "I. Appellant Was Denied Due Process Of Law When The Trial Court Failed To Issue A Written Statement Memorializing The Evidence Relied Upon And The Reasons For Revoking Appellant's Probation.
 "II. The Condition Of Probation Not Allowing Appellant To Frequent A Casino Or Visit A Gambling Establishment Was Not Related To The Crime Committed And therefore An Unlawful Condition.
 "III. There was insufficient evidence to show appellant frequented a gambling establishment.
 "IV. The Trial Court Erred To The Prejudice Of Appellant By Admitting The Videotape Allegedly Taken At The Casino Into Evidence.
 "V. The Trial Court Abused Its Discretion In Revoking Appellant's Probation."
The facts that are relevant to the issues raised on appeal are as follows. On May 10, 1996, a jury found appellant guilty of vehicular homicide, in violation of R.C. 2903.07, and involuntary manslaughter, in violation of R.C. 2903.04, as a result of the death of a young man that occurred when appellant was operating his boat at a high rate of speed in a congested dock area on June 24, 1995. The victim was with his family on their boat when appellant's boat collided with theirs. As a result of the convictions, appellant was sentenced on May 24, 1996 to a term of imprisonment.[1]
On March 18, 1999, appellant filed a motion for shock probation which the trial court granted on May 13, 1999. At the conclusion of the hearing held on the motion, the trial court instructed appellant as to the conditions of his probation, which included the language "* * * you are not to frequent any gambling establishment." This condition was repeated verbatim in the written judgment entry granting appellant's probation. The Erie County Adult Probation Department Conditions of Probation, signed by appellant on May 13, 1999, ordered that appellant "* * * visit no gambling places * * *."
As a result of information the court received from appellant's probation officer in April 2000, a hearing was held on December 22, 2000 on the issue of whether appellant had violated the conditions of his probation. At the conclusion of the hearing, the trial court found that appellant had violated the terms and conditions of probation. The trial court revoked appellant's probation and ordered his sentence reimposed. It is from that judgment that appellant timely appeals.
In his first assignment of error, appellant asserts that the trial court erred by failing to issue a written statement setting forth the evidence relied upon and the reasons for revoking probation.
The record in this case reveals that appellant was defending against an allegation that he had violated the terms of his probation by entering the Casino Windsor in Windsor, Ontario, on April 8, 2000. The state's evidence included the testimony of the police officer who observed appellant at a gambling table and stood by as casino security escorted appellant from the casino; the testimony of appellant's probation officer, who explained the conditions of probation to appellant following the May 13, 1999 hearing at which he was granted shock probation; and a copy of a surveillance videotape made at the casino on the night in question which showed appellant at a gambling table. The trial court also heard testimony as to an incident in Ontario which involved appellant allegedly threatening physical harm to another individual.
This court has reviewed the case law relevant to the issue of notification of the reasons for revoking a person's probation. The evidence presented at the hearing addressed only the issues of gambling and the intimidation incident. Appellant's probation was revoked for one or both of those reasons, and no other. Appellant has not shown how he was prejudiced by the lack of a written explanation of the reasons for his probation being revoked and, accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the condition of probation prohibiting appellant from entering a gambling establishment was not related to the crime committed and that it was an abuse of discretion for the trial court to impose that condition.
A trial court has broad discretion to impose conditions of probation. See State v. Sheets (1996), 112 Ohio App.3d 1. Those conditions, however, must have some relationship to the crime of which the defendant is convicted. State v. Jones (1990), 49 Ohio St.3d 51. This court is quite familiar with the facts surrounding the offense committed by appellant which led to his conviction for involuntary manslaughter in 1996, and we believe that there is a relationship between the condition of probation prohibiting appellant from entering a gambling establishment and his conduct which led to the tragic events of June 24, 1995. It was established at appellant's trial in this case that appellant was participating in a gambling game for boaters known as a "poker run" when his boat collided with the victim's boat. That fact, combined with the trial court's interest in "insuring his good behavior," R.C. 2951.02, and the discretion allowed the court in imposing conditions of probation, leads this court to conclude that the trial court did not err by prohibiting appellant from visiting any gambling establishments while on probation. Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the state did not present any evidence that he "frequented" a gambling establishment. Appellant argues that the conditions of his probation prohibited him from "frequenting" gambling establishments and that visiting a casino one time, which is all the evidence showed, does not constitute "frequenting" such an establishment.
The evidence was clear that appellant went to the Windsor Casino on April 8, 2000. Appellant's presence there was proved by the casino's surveillance videotape which clearly depicted appellant at a gambling table, as well as by the testimony of a police officer who saw appellant there. Further, we find appellant's argument that by attending only once he did not "frequent" the casino to be wholly without merit. At the conclusion of the May 13, 1999 hearing at which appellant was placed on probation, the trial court's instructions to appellant included the language "* * * you are to obey the standard conditions of probation which will be explained to you by the probation department as soon as this procedure is over, and you are not to frequent any gamblingestablishment." [Emphasis added.] This court is well aware of the common usage and meaning of the verb "frequent." It is ludicrous, however, to argue that by using the word "frequent," the trial court meant that appellant could visit the casino even once, just as long as he did not do so "frequently." Appellant knew, just as this court does, that he was forbidden to enter any gambling establishment, even once, during the entire five years of his probation. Further, the Erie County Adult Probation Department Conditions of Probation form, signed by appellant, states that appellant shall "* * * [v]isit no gambling places * * *." Appellant's third assignment of error is not well-taken.
In his fourth assignment of error, appellant asserts that the trial court erred by admitting into evidence the videotape taken at the casino. Appellant argues that the police officer who testified that the tape accurately depicted approximately fifteen minutes of appellant's presence at the casino on the night in question could not have personally observed all of the events shown on the videotape because the officer was only in the casino for ten minutes.
Evid.R. 101, "Scope of Rules: Applicability; Privileges; Exceptions," states as follows:
"* * *
"(C) Exceptions
 These rules (other than with respect to privileges) do not apply in the following situations:
"* * *
 "(3) Miscellaneous criminal proceedings. * * * granting or revoking probation * * *." [Emphasis added.]
Upon consideration of the foregoing, we find that the trial court was not bound by the Ohio Rules of Evidence at appellant's probation revocation hearing and that appellant's argument as to the admissibility of the videotape has no merit.
Accordingly, we find appellant's fourth assignment of error not well-taken.
In his fifth assignment of error, appellant asserts further that the trial court erred by revoking his probation and reimposing the original sentence. This assignment of error consists of several separate arguments, none of them fully-developed. Appellant appears to argue that the casino is a legal establishment, that he was not doing an illegal act by entering it, and that he is imprisoned "merely because he was in a casino." The problem with appellant's entering the casino is not the legality or illegality of the act, but that he clearly was prohibited by the conditions of his probation from doing so. This argument is totally without merit and appellant's fifth assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Erie County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] This court later found that the trial court had incorrectly sentenced appellant for both vehicular homicide and involuntary manslaughter and remanded the matter for resentencing. See State v.Mastronardi (Dec. 5, 1997), Lucas App. No. E-96-033, unreported. The trial court subsequently resentenced appellant to a period of five to ten years on the conviction for involuntary manslaughter, an aggravated felony of the third degree.