## HILL, Exrx. v. HARRIS, et al.

Common Pleas Court, Hamilton County.

No. A-107696—Decided June 11, 1948.

Paxton & Seasongood, Cincinnati, for plaintiff.
Sol Goodman, Cincinnati, for defendant.

## OPINION

By HESS, J.

This matter came on to be heard on the demurrer of the defendant to the reply to the answer of the defendant, Samuel L. Harris, and was submitted to the court.

Three other causes are pending in this court against Samuel L. Harris and Robert Harris, a minor, being cases numbered on the docket of this court A-107697, A-107698 and A-107699, all of which cases grow out of an accident which occurred on the 31st day of July, 1947, at Banning Road and Colerain Pike in the County of Hamilton, Ohio. There is a demurrer filed in each of the cases and the same question of law is involved in each case.

In order that there be no question concerning the issue presented to the court by the filing of the demurrer, the amended petition, the answer of the defendant, Samuel L. Harris, and the reply to the answer of Samuel L. Harris are quoted in their entirety.

"Now comes Fern L. Hill and says she is the duly qualified, appointed and acting Executrix of the estate of Roy R. Hill, having been appointed such Executrix by the Probate Court of Hamilton County, Ohio; that the defendant, Robert Harris, is a minor who was 16 years of age at the time of the accident hereinafter referred to, that the defendant, Samuel L. Harris, is the father of said Robert Harris and the person who signed the application of said Robert Harris for an operator's license for a motor vehicle, that the defendant, Robert Harris, did not deposit nor was there deposited upon his behalf proof of financial responsibility as provided in §6296-10(c) GC, and that, by reason thereof, and in accordance with the laws of the State of Ohio, said Samuel L. Harris became jointly and severally liable with said Robert Harris for all damages caused by said Robert Harris due to his negligence or wilful misconduct in the operation of motor vehicles.

Plaintiff further states that her decedent, Roy R. Hill, died on July 31, 1947, as the result of the careless and negligent and unlawful operation, as hereinafter set forth, of a certain Oldsmobile Sedan owned by the defendant, Samuel L. Harris, and operated by defendant, Robert Harris, and that said decedent was survived by his wife, Fern L. Hill, and his minor son, Rodney R. Hill, being his sole heirs at law and next of kin, for whose benefit and on whose behalf this action is brought pursuant to the statutes of the State of Ohio in such cases made and provided.

For her cause of action against the defendants, plaintiff says that on July 31, 1947, at approximately 7:30 o'clock P. M., plaintiff's decedent, Roy R. Hill, was riding as a passenger in the rear seat of his Pontiac Sedan which was then being driven by his son, Rodney R. Hill, and that said car was at that time going in an easterly direction over Banning Road approaching the intersection of Colerain Pike; that as said Pontiac automobile approached Colerain Pike it was brought to a full stop by the driver thereof, in accordance with the traffic signal erected at that point, and that the driver thereof, after looking in both directions and ascertaining that there was no approaching traffic either from the north or south on Colerain Pike, proceeded to cross Colerain Pike in order to continue into Banning Road on the east side of said Colerain Pike.

At said time and place, defendant, Robert Harris, who was driving an Oldsmobile Sedan owned by defendant, Samuel L. Harris, northwardly on Colerain Pike at a speed in excess of seventy (70) miles per hour, approached said intersection of Banning Road. Because of the contour of the ground which causes a dip in Colerain Pike several hundred feet south of the intersection of Banning Road, the view of the intersection by persons approaching on Colerain Pike from the south is limited to such several hundred feet. Notwithstanding this fact, the defendant, Robert Harris, did not slacken speed or sound any warning of his approach to said intersection until he was approximately one hundred and fifty (150) feet from said intersection, at which time the car in which the plaintiff's decedent was riding as a passenger had already entered into the intersection and was then crossing it.

Due to the excessive speed at which the Oldsmobile car driven by defendant, Robert Harris, was travelling, said Robert Harris was unable to stop or to control his said car after he had seen the car in which plaintiff's decedent was riding in the intersection, with the result that, upon application of its brakes, defendant's said car skidded into the intersection and into the right rear side of the car occupied by plaintiff's decedent which had passed almost through the intersection at the time of said collision. As a result of said collision, said Roy R. Hill suffered such serious injuries that he died shortly thereafter.

Plaintiff says that the collision hereinbefore described and the resulting death of Roy R. Hill was caused solely by the negligence and carelessness of the defendant, Robert Harris, which negligence and carelessness consisted in (a) driving at a speed of over seventy (70) miles an hour, which speed

was not only in excess of the legal speed limit on Colerain Pike at this place but was also unreasonable and improper in view of the conditions of the road and of traffic at the time and place; (b) in failing to keep his said car under proper control so as to be able to bring said car to a stop within the assured clear distance ahead; (c) in failing to give warning of his approach to the intersection of Banning Road; (d) in failing to slow down his said car as it approached the said intersection, and (e) in operating said car without due regard for the safety and rights of the drivers and occupants of other vehicles.

Plaintiff says that all of the aforesaid negligence of the defendant, Robert Harris is imputed to defendant, Samuel L. Harris, by reason of the provisions of §6296-10 GC.

Plaintiff further states that the said Roy R. Hill, at the time of the accident and his resulting death, was a man 56 years of age; that he was in good health and of able body; that he was industrious and diligent and that he was and had been regularly employed by the Texas and Pacific Railway Company for many years and that his earnings were at the rate of approximately Five Thousand ($5,000.00) Dollars per year.

Plaintiff says that her decedent, the said Roy R. Hill, was survived by Fern L. Hill, his wife, and Rodney R. Hill, his minor son, such being his sole heirs at law and next of kin, and that said heirs at law and next of kin, by reason of the accident hereinbefore described and the resulting death of said Roy R. Hill, have been deprived permanently of the support, services, care, attention, companionship and counsel of the said Roy R. Hill to their damage in the sum of One Hundred Thousand ($100,000.00) Dollars.

WHEREFORE, plaintiff prays judgment against the defendants in the sum of One Hundred Thousand ($100,000.00) Dollars and for her costs herein expended."

"Comes now the defendant, Samuel L. Harris, and for answer to the amended petition admits that he is the father of Robert Harris, a minor, and that he signed the application of said Robert Harris, for an operator's license for a motor vehicle and that said Robert Harris was operating a motor vehicle on July 31, 1947, which was involved in a collision with an automobile operated by one Rodney R. Hill at the intersection of Banning Road and Colerain Pike.

Further answering this defendant denies each and every allegation contained in the amended petition.

For a second defense, Samuel L. Harris, states that on November 2nd, 1946, he signed an application made by Robert Harris, for an operator's license and that thereafter operator's license was issue to said Robert Harris.

Defendant further states that at all times during the existence of said operator's license in the name of Robert Harris, he carried and maintained a policy of insurance, such policy of insurance fully complying with all the requirements of §6298-5 and §6298-7 GC. This defendant further states that on July 31, 1947, said policy No. AF-8665, was in full force and effect, his policy being issued by The Franklin National Insurance Company of New York, covering liability insurance and bodily injury and property damage in such amount as is required by §6298-5 GC and contains such other provisions as required by §6298-7 GC.

This defendant further states that in accordance with the provisions of §6298-6 GC, proof of ability to respond in damages was submitted to the Hon. Edward T. Fogo, Registrar, Bureau of Motor Vehicles, Columbus, Ohio, and that by reason of the foregoing facts, affiant believes that under Paragraph (c) of §6296-10 GC, he is relieved from any liability and any damage caused or arising out of said collision, of Robert Harris, and Rodney H. Hill.

Defendant states that by reason of his complying with the provisions of said statute he is entitled to be dismissed as defendant from this action.

WHEREFORE, having fully answered this defendant prays the court that the action against him may be dismissed and that he may go hence without day, and for his cost herein expended."

"Now comes the plaintiff and for reply to the second defense of the answer of defendant, Samuel L. Harris, admits that said defendant had in effect on July 31, 1947, a policy of insurance issued by The Franklin National Insurance Company of New York providing certain public liability and property damage coverage. Notwithstanding that said policy may have contained the provisions and may have been in the amount required by the Financial Responsibility Law of Ohio (§§6298-1 to 6298-25 GC, inclusive) as alleged by said defendant, plaintiff avers that said defendant did not comply with the provisions of §6296-10(c) GC in that said defendant did not, on behalf of his son, the defendant, Robert Harris, deposit or maintain at any time prior to, on or since July 31, 1947, with the Registrar of the Bureau of Motor Vehicles at Co-

lumbus, Ohio, proof of financial responsibility with respect to the operation of any motor vehicle, and that by reason of his failure so to do, the defendant, Samuel L. Harris, is not relieved of the liability imposed upon him under §6296-10(b) GC and is not entitled to be dismissed as a defendant in this action.

WHEREFORE, plaintiff prays as in her amended petition."

Apparently the question presented by the demurrer in this cause is one of first impression in Ohio.

The real question for the court to determine is whether the failure of the minor, son of Samuel L. Harris, or Samuel L. Harris himself to deposit and maintain an insurance policy or other security with the Registrar of Motor Vehicles, as provided by §6296-10(c) GC, still permits Samuel L. Harris to limit his liability to the amount of the insurance policy he procured but did not deposit and maintain with the Registrar. It will be observed that the plaintiff's claim is for One Hundred Thousand ($100,000.00) Dollars and if the court should hold that Samuel L. Harris has complied with the statute with reference to the procuring of a license by his minor son and had complied with the conditions of the Financial Responsibility Act, then it would appear that Samuel L. Harris would be entitled to limit his liability.

**Sec. 6296-10 GC** is one of the sections of the Driver's License Law of Ohio (§§6296-1 to 6296-35 GC, inclusive), and provides as follows:

**Sec. 6296-10 GC** "Operator's or chauffeur's license issued to minor, when; liability. (a) The registrar shall not grant the application of any minor under 18 years of age for an operator's or chauffeur's license unless such application is signed by either parent, guardian or other person having custody of the applicant, or in the event there is no parent or guardian then by a responsible person who is willing to assume the obligation imposed under this act.

(b) Any negligence or wilful misconduct of a minor under 18 years of age when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct except as otherwise provided in the next succeeding paragraph.

(c) In the event a minor deposits or there is deposited upon his behalf proof of financial responsibility in respect to the operation of a motor vehicle owned by him, or if not the owner

of a motor vehicle, then with respect to the operation of any motor vehicle, in the form and in the amounts as required under §§6298-1 to 6298-25, inclusive, GC, then the registrar may accept the application of such minor when signed by a parent, guardian or other responsible person, and while such proof is maintained such parent, guardian or other responsible person, shall not be subject to the liability imposed under the preceding paragraph of this section.

(d) Any person who has signed the application of a minor for a license may thereafter surrender to the registrar the license or temporary instruction permit of such minor and request that same be cancelled. Thereupon the registrar shall cancel such license or temporary permit and the person who signed the application of such minor shall be relieved from liability imposed under this act.

(e) When a person under eighteen years of age holds a chauffeur's license and is operating a motor vehicle as a chauffeur, the person who has signed his application shall be relieved of the liability imposed by this section, but nothing herein shall be construed to relieve the employer of a chauffeur under eighteen years of age of the liability that arises out of such employment."

Paragraph (c) of the foregoing section incorporated §§6298-1 to 6298-25, inclusive, GC, with relation to the Drivers' Financial Responsibility Act. The Financial Responsibility Law provides the method by which one may limit his responsibility with relation to the operation of an automobile and also provides definite procedure to be followed in procuring a driver's privilege for a minor.

By his demurrer to the reply, the defendant, Samuel L. Harris admits that he has never deposited or maintained with the Registrar of Motor Vehicles of Ohio, proof of the financial responsibility of his son, Robert Harris, in respect to the operation of a motor vehicle. For the purpose of the demurrer, the court assumes that the defendant had in effect at the time of the accident, a property damage and public liability insurance policy containing provisions required by the Ohio Financial Responsibility Law. Secs. 6298-1 to 6298-25 inclusive, GC.

In effect, the position of Samuel L. Harris is that notwithstanding the provisions of §6296-10 GC, the fact that he had such a liability policy is sufficient to relieve him of the personal liability provided by Paragraph (b) of that section, even though he did not deposit or maintain said policy with the Registrar of the Bureau of Motor Vehicles.

It must be conceded that in the absence of legislation to the contrary Samuel L. Harris, as the father of Robert Harris, and in the absence of agency, would not be liable for a tort committed by his son. Since the Legislature has spoken on the subject, the language of the statute enacted by it changing the common law rule must be strictly construed. Where an exception is grafted upon the general terms of a statute, that exception should be strictly construed and "must be governed by the familiar rule that the exclusion clearly made in the exception only emphasizes the inclusion of all other things relative to the statute which are not so excluded." (See **Kroff v. Amragin, 94 Oh St, 282** at page 286 and **State ex rel. Keller v. Forney, 108 Oh St 463.**)

It is observed from a reading of the Driver's License Law Act and the Financial Law Act that the Legislature intended to permit minors and certain other persons mentioned therein to operate a motor vehicle **only upon compliance with certain specific conditions stipulated in the acts.** The Legislature in plain and unambiguous terms has said that if parents wish their minors under 18 years of age to operate motor vehicles, they shall, (1) be jointly liable with the minor for any negligence or willful misconduct that he may be guilty of in the operation of an automobile, or (2) obtain an insurance policy or other security as required by the Financial Responsibility Law of Ohio and deposit and maintain it with the Registrar of Motor Vehicles, and (3) in the absence of an insurance policy may deposit bonds or other security to take the place of such insurance policy, in which event they would not be subject to unlimited liability. The depositing and maintaining of the insurance policy or cash or surety bonds as provided by the statute must have been the deliberate intention of the Legislature.

It is interesting to note that **Paragraph (c) of §6296-10 GC,** after requiring the deposit of the insurance policy or other security as required in the Financial Responsibility Act, further provides that "then the Registrar **may accept** the application of such minor when signed by a parent." It is discretionary with the Registrar of Motor Vehicles as to the acceptance of an insurance policy or other financial responsibility from the minor, parent or sponsor.

It is difficult for the court to concede how it would nullify one portion of the statute with reference to depositing the insurance policy or other security merely because the policy had been purchased any more than it would be consistent to say that the whole provision establishing a rule of conduct contrary to the common law is not to be condoned. The au-

thority of the Legislature to modify rules of law established by the common law is so well established that it needs no further comment. The Legislature of Ohio has made the operation of a motor vehicle a privilege and it is not an inherent right. To be privileged to operate a motor vehicle in Ohio one must conform to the requirements of law which establish that privilege.

The defendant, Samuel L. Harris failed to deposit and maintain an insurance policy with the Registrar of Motor Vehicles; he failed to establish proof of financial responsibility as provided by the statute; he failed to permit the Registrar of Motor Vehicles to exercise any discretion in accepting or approving any financial responsibility on his own behalf or on behalf of his minor son.

The court is of the opinion that §6296-10 GC is a clear unambiguous statute, and that in order for the defendant, Samuel L. Harris to limit his liability for any negligence or willful misconduct of his minor son while he was operating an automobile under the age of 18, he was obliged to conform with all the provisions of that statute which includes the deposit and maintenance of proof of financial responsibility.

Entries may be presented in the above styled cases overruling the demurrers.