**REJ, Plaintiff, v. RASCHE, a Minor, et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 727790.  Decided December 23, 1959.

Leanza, Bernard & Longano, Cleveland, for plaintiff.

Hauxhurst, Inglis, Sharp & Cull, Cleveland, for defendant, Harold R. Rasche.

## OPINION

By J. J. P. CORRIGAN, J.

This case is before the court on the demurrer of the defendant Harold R. Rasche. The petition attempts to state a tort action arising out of an automobile accident against a minor under the age of eighteen and joins as a defendant said minor's father, the demurrant here. The father is alleged to have "signed the said minor's application for a driving permit with the registrar of motor vehicles of the State of Ohio."

The demurrer alleges that the petition fails to state a cause of action against him for the reason that the petitioner has not stated affirmatively that the adult defendant has failed to deposit cash, a security bond, or motor vehicle liability policy in the amount required by law under the third paragraph of §4507.07 R. C.

Thus the question before the court is whether in stating a cause of. action against the adult having custody of a minor under eighteen years of age who has applied for a driver's license the petitioner must allege that neither the minor nor another has deposited on his behalf proof of financial responsibility as well as the facts of the relationship, the minority and the signing of the application.

This is a cause of action in derogation of the common law and the Ohio Courts have held that the language of §4507.07 R. C., in changing the common law rule must be strictly construed, Hill v. Harris, 39 O. O. 267, 54 Abs 391. Under this proposition we have held that a cause of action plead under §955.28 R. C., must affirmatively state the cause of action and then state that the plaintiff was not committing a trespass on the property of the owner nor was he teasing, tormenting or abusing the dog on the owners property. The authority for said ruling is Sullivan v. Ward, 24 N. E. 2d, 672, 130 A. L. R. 437. The reason for this ruling is that in §955.28 R. C., the exception appears in the enabling clause, but in §4507.07 R. C., the exception appears in a sub-division of the statute.

"Where an exception appears in a different section, sub-division, or clause from that containing the enacting words of a statute, or appears in another statute, the view is taken in many cases that the party relying upon the statute need not allege facts showing that the present case does not come within the exception, such allegations being matter to be pleaded by the opposite party" (See 130 A. L. R. 440 at 443).

Thus we see that where the legislature enacts a provision for the benefit of a plaintiff and outside of the enabling paragraph afterwards follows said section with a proviso which is against him, he may plead his statutorily granted cause of action and leave it to the defendant to set up the proviso, Rowell v. Janvrin, 151 N. Y. 60, 45 N. E. 398. This same principle has been followed by the Ohio Supreme Court. In

42

the case of **Scullin v. Mutual Drug Co., 138 Oh St 132,** the court at page 141 held "Where there are exceptions in the enacting clause they must be negatived in the petition and proof." In that case the exceptions were by reference made a part of the enacting clause. This cannot be said to be true of §4507.07 R. C.

For the reasons stated above and since under §4507.07 R. C., by separate proviso the parent, guardian, or other responsible person is not subject to the liability imposed under the second paragraph of said section if the minor deposits, or there is deposited upon his behalf proof of financial responsibility, the court construes said section to require said matter to be pleaded defensively and overrules the demurrer of the defendant Harold R. Rasche.