**Orpha LOVELESS, Plaintiff-Appellant,**

v.

**Caspar WEINBERGER, Secretary of Health, Education & Welfare, Defendant-Appellee.**

**No. 73–1983.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 29, 1974.

Decided March 12, 1974.

Joseph J. Murphy, Columbus, Ohio, on brief, for plaintiff-appellant.

William W. Milligan, U. S. Atty., Thomas D. Thompson, Asst. U. S. Atty., Columbus, Ohio, on brief, for defendant-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

The appeal in this Social Security case presents the question of whether baby-

sitting services performed by a grandmother for her grandchildren in her own home constitutes covered employment within the meaning of 42 U.S.C. § 410(a). District Judge Carl B. Rubin answered this question in the negative, affirming the decision of the Secretary of Health, Education and Welfare.

The court affirms the District Court for the reasons stated in the memorandum opinion and order of the District Judge which is made an appendix hereto.

Affirmed.

## APPENDIX

---

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO EASTERN
DIVISION

ORPHA LOVELESS,
                                    *Plaintiff,*
    v.

CASPAR W. WEINBERGER, Secretary of
    Health, Education and Welfare,
                                    *Defendant.*

Civ. A. No. 72–381

## MEMORANDUM OPINION
## AND ORDER

CARL B. RUBIN, District Judge.

This is an action under the Social Security Act, 42 U.S.C. § 405(g), for review of a final decision of the Secretary of Health, Education and Welfare that plaintiff is not entitled to social security disability insurance benefits.

This matter is before the Court on defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment.

Plaintiff filed an application for social security disability insurance benefits on November 10, 1969 alleging that she had become unable to work as of Oc-tober 28, 1969. The application was denied on the ground that she lacked the necessary "disability insured status" in that she had only 14 of the required 20 quarters of coverage in the 40 quarter period preceding the alleged onset of disability.

Plaintiff filed her present application for disability insurance benefits on July 6, 1970 alleging that she became disabled as of June 13, 1970. The application was denied on the ground that plaintiff had accumulated only 19 of the required 20 quarters of coverage.

A woman who applies for social security disability insurance benefits before she attains the age of 62 is eligible for coverage if she has "not less than twenty quarters of coverage during the forty-quarter period which ends" with the quarter in which the application is filed. 42 U.S.C. § 416(i)(3).

It is undisputed that plaintiff has accumulated 19 of these 20 required quarters of coverage. Plaintiff asserts that she earned the twentieth quarter of coverage when she worked as a babysitter for her daughter from September to October, 1970. During this period plaintiff's daughter and son-in-law were both employed. Plaintiff babysat in her own home for her daughter's two minor children. For purposes of decision only, the Secretary assumed that plaintiff did not perform any services in her daughter's home.

"Employment" is defined in the Social Security Act to mean

any service . . . performed . . . by an employee for the person employing him . . . except that . . . such term shall not include—

.    .    .    .    .    .

(3)(B) service not in the course of the employer's trade or business, or domestic service in the private home of the employer, performed by an individual in the employ of his son or daughter. . . .

The hearing examiner held that the services plaintiff performed for her daughter during the third quarter of 1970 "were services not in the course of the employer's trade or business and, since they were performed for her daughter, are specifically excluded from coverage . . ." under the provisions of 42 U.S.C. § 410(a)(3)(A).

Plaintiff argues that her employment by her daughter is not excluded by the trade or business requirement of 42 U.S.C. § 410(a)(3)(A) because "the first and most important 'trade or business' of plaintiff's daughter . . . was to care for her minor children."

The term "trade or business" is not defined by the Social Security Act or the regulations adopted by the Secretary pursuant to the Act. There are no reported cases construing the exclusion. In such circumstance, the Court must resort to common usage to determine the meaning of the phrase "trade or business." "Trade" is defined in the dictionary as:

The business one practices or the work in which one engaged regularly: one's calling: gainful employment: means of livelihood: OCCUPATION. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (3d ed. 1967).

A "business" is defined as:

A usual commercial or mercantile activity customarily engaged in as a means of livelihood and typically involving some independence of judgment and power of decision . . . and sometimes contrasted with the arts . . . or professions . . . or sports . . . or other activity considered less practical, serious, respectable, or mundane: OCCUPATION, POSITION, TRADE, LINE. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (3d ed. 1967).

Child rearing is not normally considered to be a mother's employment or means of livelihood. Neither is it considered a commercial or mercantile activity. It is true that child rearing has an economic value that can be computed; and that persons do perform the service of child care for economic gain. Nonetheless, at the present time, the economic value of a mother's services in caring for her children are not generally recognized as compensible or as a trade or business.

In today's society, a mother often has employment outside the home. When such employment requires that provisions be made for the care of minor children, the mother naturally seeks the most qualified care available. Needless to say, her own mother is often the ideal babysitter because she is able to render not only competent child care services but to add the love, affection and concern for the child's welfare which is engendered by the familial relationship. But Congress has chosen to exclude from coverage under the Social Security Act certain employment by reason of family relationship. Prior to 1960 this exclusion was absolute when a parent was employed by one of his children. Today a parent may work for his child in the course of the child's trade or business, but still may not perform domestic services, whether inside or outside the home, for his children.

Upon consideration, and for the reasons set out above, the Court holds that defendant's motion is meritorious, and therefore it is granted.

The decision of the Secretary of Health, Education and Welfare is affirmed.

This action is hereby dismissed.