OPINION
{¶ 1} Appellant, Cynthia Spencer appeals the trial court's finding that she violated the terms of her probation by driving outside the scope of the court's grant of Occupational Driving Privileges. Appellee is the State of Ohio. The following facts are relevant to this appeal.
 {¶ 2} The appellant entered a plea of Guilty to one count of Driving Under Suspension and Expired Registration. This was the result of a random selection process. The Ohio Bureau of Motor Vehicles ["BMV"] had sent notice to appellant to provide proof of insurance by a date certain; appellant was unable to comply. Accordingly, the BMV suspended her driver's license. (T. at 20).
 {¶ 3} On May 17, 2005, appellant was sentenced to 30 days in jail. Appellant was ordered to serve 2 days in jail with 28 days suspended. Appellant was further placed on probation for a period of one year. (See, Judgment Entry, filed May 17, 2005).
 {¶ 4} On May 17, 2005, the appellant presented a letter to the Court requesting Limited Driving Privileges. (State's Exhibit B). In this letter, the appellant requested permission to include in her privileges transporting her children to and from school and activities in addition to driving for her employment. Dave Flemming, Perry County Probation Officer, testified this request was specifically denied by Judge Wilson. (T. at 7). Mr. Flemming testified that he told the appellant that this request was being denied due to the fact that "the Judge would not give her privileges to take the kids back and forth and to run around whatever. This is for occupational work only." (Id.).
 {¶ 5} Subsequently, on June 10, 2005, the appellant presented another request for Limited Driving Privileges. (State's Exhibit C). Mr. Flemming testified that when appellant made her second request for privileges, he told her that the Judge would not give her driving privileges for transporting the children. Mr. Flemming further testified that appellant explained to him that the children would be out of school and she would not be driving them as much. (T. at 9). The trial court granted appellant Occupational Driving Privileges for certain times and days. Mr. Flemming testified that he believed the appellant was a consultant of some sort and had a territory that included several counties. (T. at 3). Her Occupational Privileges included these counties. The privileges that the court granted did not include transportation of the children. (State's Exhibit A).
 {¶ 6} On June 27, 2005, the State filed a motion to revoke appellant's probation on the basis that she allegedly violated the terms of the occupational driving privileges allowed by the trial court. There was no dispute that the appellant was dropping off her children on June 26 and 27, 2005 for extracurricular activities and not driving for her occupation as a consultant. (T. at 10; 13). These two incidents gave rise to the motion to revoke probation. Specifically, the motion alleged that appellant was driving outside the scope of her occupational driving privileges.
 {¶ 7} On July 12, 2005 the trial court conducted an evidentiary hearing upon the State's Motion to Revoke appellant's probation. Appellant testified that the paternal grandmother of her youngest child paid appellant to stay at home and care for appellant's three children. (T. at 22-24). Appellant further testified that her children are her "first and foremost" occupation. (Id.). Accordingly, appellant did not believe she was violating the scope of the court's grant of Occupational Driving privileges. (Id. at 22; 26). At the conclusion of that hearing the trial court found that appellant violated the terms of her probation and ordered that she serve 10 additional days in the county jail. (See, Judgment Entry, filed August 1, 2005).
 {¶ 8} On August 1, 2005, upon the motion of appellant, the sentence imposed by the trial court was stayed pending an appeal of the trial court's decision.
 {¶ 9} On August 10, 2005, Defendant timely filed this appeal raising the following assignment of error for our consideration:
 {¶ 10} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REVOKING DEFENDANT'S PROBATION."
 I. {¶ 11} In her sole assignment of error appellant maintains that the trial court abused its discretion in finding that she violated the terms of her probation or community control sanction. We disagree.
 {¶ 12} In probation revocation proceeding, the prosecution need not produce evidence establishing a probation violation beyond a reasonable doubt. Rather, the prosecution must present substantial proof that a defendant violated the terms of his or her probation. State v. Hylton (1991), 75 Ohio App.3d 778,600 N.E.2d 821; State v. Mingua (1974), 42 Ohio App.2d 35,327 N.E.2d 791; State v. Umphries (June 30, 1998), Pickaway App. No. 97CA45, unreported. Accordingly, in order to determine whether a defendant's probation revocation is supported by the evidence, a reviewing court should apply the "some competent, credible evidence" standard set forth in C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. SeeState v. Umphries (July 9, 1998), Pickaway App. No. 97CA45;State v. Puckett (Nov. 12, 1996), Athens App. No. 96CA1712. This highly deferential standard is akin to a preponderance of evidence burden of proof. See State v. Kehoe (May 18, 1994), Medina App. No. 2284-M.
 {¶ 13} Once a court finds that a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion. See State v. Scott (1982),6 Ohio App.3d 39, 452 N.E.2d 517; Umphries, supra; State v.Conti (1989), 57 Ohio App.3d 36, 565 N.E.2d 1286; State v.Daque (Aug. 11, 1997), Ross App. No. 96CA2256. Thus, a reviewing court will not reverse a trial court's decision absent an abuse of discretion. State v. Sheets (1996), 112 Ohio App.3d 1,677 N.E.2d 818. We see no difference in the standard of review between a probation violation and a violation of community control sanctions.
 {¶ 14} Although the appellant phrases her issue as whether the law recognizes a mother's role as caretaker for her children as an occupation for purposes of Occupational Driving Privileges a review of the record does not support appellant's assertion.
 {¶ 15} R.C. 4510.021 Limited driving privileges states in relevant part:
 {¶ 16} "(A) Unless expressly prohibited by section 2919.22, section 4510.13, or any other section of the Revised Code, a court may grant limited driving privileges for any purpose described in division (A)(1), (2), or (3) of this section during any suspension imposed by the court. In granting the privileges, the court shall specify the purposes, times, and places of the privileges and may impose any other reasonable conditions on the person's driving of a motor vehicle. The privileges shall be for any of the following limited purposes:
 {¶ 17} "(1) Occupational, educational, vocational, or medical purposes;
 {¶ 18} "(2) Taking the driver's or commercial driver's license examination;
 {¶ 19} "(3) Attending court-ordered treatment".
 {¶ 20} In her letter of May 17, 2005 addressed to the trial judge, appellant requested limited driving privileges. (State's Exhibit A). In that letter appellant requested "work and school driving privileges." The school driving privileges related to appellant's children schooling and extracurricular activities. Appellant listed her occupation as "an Independent Consultant for Taste of Gourmet and Let's Do Tea . . ." At no point in appellant's letter did she inform the judge that she was being paid to stay home and take care of her children, or that appellant believed this to be her "occupation" for purposes of driving privileges. Accordingly, the trial judge could not have granted appellant driving privileges for her caregiver "occupation" because the court was never informed of appellant's claim that she is paid to stay home and care for her children. Similarly, appellant could not reasonably believe that the trial court was granting limited driving privileges to transport her children to and from their extracurricular activities as she specifically phrased her request in terms of "work" and "school driving" privileges. Further, the trial court denied appellant's initial request for limited driving privileges. In appellant's letter of June 10, 2005 appellant listed her work schedule. Appellant excluded the additional times and days which were included in the request of May 17, 2005 which the trial court had denied. Again, appellant did not inform the trial court that she was being paid by one of the children's grandmother to stay home and care for all three children, or that appellant considered this to be her "occupation".
 {¶ 21} The record further discloses that appellant's probation officer informed appellant that the trial court would not grant privileges to take her children "back and forth". (T. at 7). After the court denied the request of May 17, 2005 the probation officer informed appellant that the court denied her request to transport her children. (Id.).
 {¶ 22} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections which cannot be conveyed to us through the written record, Miller v. Miller (1988), 37 Ohio St. 3d 71.
 {¶ 23} Although appellant testified that she did not recall the exact conversation and that she did not believe the probation officer said anything about her not being able to transport her children the trier of fact was free to accept or reject any and all of the evidence offered by the appellant and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v.Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing Statev. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v.Antill (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.; State v.Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citingState v. Caldwell (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096.
 {¶ 24} As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, a judgment supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St. 2d 279,376 N.E. 2d 578.
 {¶ 25} "In Ohio, a license to operate a motor vehicle is a privilege, and not an absolute property right." Doyle v. OhioBur. of Motor Vehicles (1990), 51 Ohio St.3d 46, 554 N.E.2d 97, paragraph two of the syllabus. In fact, it is not a substantial private interest, but a state-regulated privilege. Maumee v.Gabriel (1988), 35 Ohio St.3d 60, 63, 518 N.E.2d 558, 561;State v. Uskert, 85 Ohio St.3d 593,599, 1999-Ohio-289,709 N.E.2d 1200, 1204. To be privileged to operate a motor vehicle in Ohio one must conform to the requirements of law which establish that privilege. Hill v. Harris (Hamilton C.P., 1948), 54 Ohio Law Abs. 391, 87 N.E.2d 97, 102. There is no dispute that appellant had driven her children to extracurricular activities. Accordingly the record supports a finding that appellant violated the court imposed terms upon her driving privileges and hence violated the terms of her probation or community control sanction.
 {¶ 26} In the alternative we would note that the term "occupation" has been construed to exclude appellant's activities as a homemaker and raising her children. In State v. Waters
(July 6, 1995), 4th Dist. No. 94CA23, the court addressed the issue of whether appellant's activities as a homemaker and raising her son can be considered an occupation under the Occupational Driving Statute. The court held "[w]hile the terms "occupation" and "employment" could be construed more broadly to include appellant's duties as a mother, we do not believe the legislature intended appellant's activities in this case to be the type of employment to make one eligible for occupational driving privileges. In short, we hold that the terms "employment" and "occupation" refer to gainful activity by which one makes a living".
 {¶ 27} In construing provisions of the Social Security Act defining employment as any service performed by an employee for person employing him except that such term shall not include service not in the course of the employer's "trade or business," the United States Court of Appeals for the Sixth Circuit noted: "[c]hild rearing is not normally considered to be a mother's employment or means of livelihood. Neither is it considered a commercial or mercantile activity. It is true that child rearing has an economic value that can be computed; and that persons do perform the service of child care for economic gain. Nonetheless, at the present time, the economic value of a mother's services in caring for her children are not generally recognized as compensable or as a trade or business". Loveless v. Weinberger
(6th Cir 1974), 492 F.2d 1291, 1293.
 {¶ 28} After reviewing the record, we find that it clearly supports the trial court's finding that appellant had violated the terms of probation or community control sanctions. Thus, the trial court did not abuse its discretion by imposing a more restrictive community control sanction.
 {¶ 29} Appellant's first assignment of error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Perry County Court, Perry County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court, Perry County, Ohio, is affirmed. Costs to appellant.