OPINION *Page 2 
{¶ 1} Appellant Steven Huitt appeals the revocation of his community control sanction from his criminal conviction and sentence from the Stark County Court of Common Pleas. The appellee is the State of Ohio.
 {¶ 2} The Stark County Grand Jury indicted appellant with one count each of burglary, abduction, and menacing by stalking. Appellant pleaded guilty to an amended indictment of one count of Burglary in violation of R.C. 2911.12(A)(2) and one count of Abduction in violation of R.C.2905.02(A)(2). Both charges were felonies of the third degree.
 {¶ 3} The trial court sentenced appellant to community control sanction for five years and ordered him to complete a program at an approved community based correctional facility.
 {¶ 4} On October 31, 2007, appellant entered the Oriana House, a community based correction facility, for drug and alcohol treatment. Upon admission, a staff member read appellant the rules and regulations of the facility. The pertinent rules for this case stated:
 {¶ 5} "Your knowledge of and compliance with the following program rules are vital to your success in the program."
 {¶ 6} "Physical assaults on staff or other residents or threats of assault will not be tolerated. All residents involved in fighting will be held jointly responsible."
 {¶ 7} "Any behavior which is a violation of Ohio law or rules of your probation."
 {¶ 8} "The consequences of violating the program rules may be a violation of probation and further disposition by the Court." *Page 3 
 {¶ 9} In early January 2007, Melissa McFrederick began working at Oriana House as a resident supervisor. Ms. McFrederick testified that appellant "harassed" her from her first day of employment. T. at 35. Further, appellant followed her, asked for her phone number and asked if she was married. T. at 35. On two occasions, appellant gave Ms. McFrederick paper with his name and phone number. T. at 35.
 {¶ 10} On January 20, 2007, appellant grabbed Ms. McFrederick's "behind area" as she passed him. T. at 36. She told him to leave her alone. T. at 36.
 {¶ 11} On January 21, 2007, Ms. McFrederick was looking for one of her clients when she saw appellant in a hallway. T. at 37. Appellant called to Ms. McFrederick and exposed his genitals to her. T. at 37. Ms. McFrederick immediately reported the incident to another resident advisor. T. at 38. Ms. McFrederick was visibly upset by the incident. T. at 18.
 {¶ 12} Sandra Krenisky, appellant's caseworker, terminated appellant from Oriana House for exposing himself to a staff member and grabbing her in violation of the rules and regulations of the facility. T. at 12.
 {¶ 13} The trial court held a revocation hearing. The trial court revoked appellant's community control sanction and sentenced him to five years on one count of burglary and five years on one count of abduction to be served consecutively for an aggregate sentence of ten years.
 {¶ 14} Appellant appeals and raises a single Assignment of Error:
 {¶ 15} "I. THE TRIAL COURT's FINDING THAT THE APPELLANT VIOLATED THE TERMS AND CONDITION OF HIS PROBATION IS AGAINST THE GREATER WEIGHT OF THE EVIDENCE." *Page 4 
 {¶ 16} In his sole assignment of error, appellant argues that the revocation was against the manifest weight of the evidence. We disagree.
 {¶ 17} As this Court stated in State v. Spencer, Perry App. No. 2005CA15, 2006-Ohio-5543: "In probation revocation proceeding, the prosecution need not produce evidence establishing a probation violation beyond a reasonable doubt. Rather, the prosecution must present substantial proof that a defendant violated the terms of his or her probation. State v. Hylton (1991), 75 Ohio App.3d 778, 600 N.E.2d 821;State v. Mingua (1974), 42 Ohio App.2d 35, 327 N.E.2d 791; State v.Umphries (June 30, 1998), Pickaway App. No. 97CA45, unreported. Accordingly, in order to determine whether a defendant's probation revocation is supported by the evidence, a reviewing court should apply the `some competent, credible evidence' standard set forth in C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. See State v. Umphries (July 9, 1998), Pickaway App. No. 97CA45;State v. Puckett (Nov. 12, 1996), Athens App. No. 96CA1712. This highly deferential standard is akin to a preponderance of evidence burden of proof. See State v. Kehoe (May 18, 1994), Medina App. No. 2284-M."
 {¶ 18} Once a court finds that a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion. See State v. Scott (1982), 6 Ohio App.3d 39,452 N.E.2d 517; Umphries, supra; State v. Conti (1989),57 Ohio App.3d 36, 565 N.E.2d 1286; State v. Daque (Aug. 11, 1997), Ross App. No. 96CA2256. Thus, a reviewing court will not reverse a trial court's decision absent an abuse of discretion. State v. Sheets (1996),112 Ohio App.3d 1, 677 N.E.2d 818. Because the trier of fact is in a better position to observe the witnesses' demeanor *Page 5 
and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. We see no difference in the standard of review between a probation violation and a violation of community control sanctions. State v. Spencer, supra.
 {¶ 19} Appellant argues that his revocation was based solely on the word of Ms. McFrederick. Ms. McFrederick testified regarding the events of that day. She stated that appellant called to her and exposed himself. T. at 37. Further, Ms. McFrederick testified that appellant had grabbed her "behind area." T. at 36. These incidents violated the rules of Oriana House. There was other evidence to support the revocation. Appellant introduced Antonio Lewis, another client of Oriana House, as a witness at the revocation hearing. Mr. Lewis saw the two speaking on numerous occasions. T. at 22. He saw appellant pass Ms. McFrederick letters. T. at 22. Mr. Lewis saw appellant and Ms. McFrederick on January 21, 2007. He witnessed Ms. McFrederick become upset with appellant. T. at 22. Mr. Lewis testified that he did not see appellant expose himself. T. at 24. Further, Ms. Krenisky testified that Ms. McFrederick "was visibly shaking and tearful" after the incident. T. at 18. As stated in Dehass, the trier of fact gives weight to the evidence and credibility.
 {¶ 20} The trial court stated at the close of the hearing:
 {¶ 21} "Court finds that the State of Ohio has provided more than ample evidence proving that the Defendant did violate the terms and conditions of his community control sanction as set forth by the State and the State's closing argument."
 {¶ 22} "The Defendant violated the rules of Oriana House. He engaged in inappropriate conduct relative to Melissa McFrederick. The inappropriate conduct is *Page 6 
outlined in State's Exhibit 5. He admitted as to writing the exemplar. Failure to have a handwriting exemplar, Court finds that no exemplar was needed because the Defendant admitted that he gave State's Exhibit 1 to the witness, Melissa McFrederick, and that State's Exhibit 1 contained his address."
 {¶ 23} "So by his own admission the Defendant has again admitted that he did, in fact, give that information to Ms. McFrederick."
 {¶ 24} "Court finds that the Defendant's conduct while at Oriana House was inappropriate. That there was a good basis for his unsuccessful release from the Oriana House, and therefore, the Court finds that the Defendant has violated the terms and conditions of his community control sanction." T. at 43-44.
 {¶ 25} This Court finds that based on the foregoing the trial court was within its discretion to revoke appellant's community control sanction. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 26} The decision of the Stark County Court of Common Pleas is affirmed.
 Delaney, J. Gwin, P.J. and Hoffman, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1