[Cite as *State v. Slosky*, 2012-Ohio-5853.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

DAVID C. SLOSKY, JR.

      Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P. J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 12 CA 13

O P I N I O N

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 09 CR 76

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 10, 2012

APPEARANCES:

For Plaintiff-Appellee

DANIEL G. PADDEN
PROSECUTING ATTORNEY
STEPHANIE L. MITCHELL
ASSISTANT PROSECUTOR
139 West 8th Street, P. O. Box 640
Cambridge, Ohio 43725

For Defendant-Appellant

CHANDRA L. ONTKO
665 Southgate Parkway
Cambridge, Ohio 43725

*Wise, J.*

{¶1}   Appellant David C. Slosky, Jr. appeals his conviction and sentence entered in the Guernsey County Court of Common Pleas on one count of possession of marijuana.

{¶2}   Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3}   On April 1, 2009, Appellant was arrested by officers of the Cambridge Police Department for operating a motor vehicle while under the influence of alcohol.

{¶4}   Upon checking the LEADS printout it was determined that Appellant was under four (4) different suspensions and had seven (7) prior OVI convictions, three within the preceding six years, six within the preceding twenty years and one as a juvenile in 1982.

{¶5}   On May 22, 2009, an indictment was returned by the Guernsey County Grand Jury charging Appellant with two counts of Driving While Under the Influence, in violation of R.C. §4511.19(A).  Each count also contained a specification regarding prior offenses and a specification indicating that Appellant had refused breath/blood alcohol level testing.

{¶6}   On September 1, 2009, Appellant entered into a negotiated plea. Pursuant to said plea, Appellant pled no contest to the first count of the indictment and both specifications thereto.

{¶7}   On October 2, 2009, a sentencing hearing was held and, pursuant to a Judgment Entry of Sentence dated October 5, 2009, Appellant was sentenced to a stated prison term of eighteen (18) months. That sentence was suspended and

Appellant was ordered to complete the program at Eastern Ohio Correctional Center ("EOCC"). Following successful completion of EOCC Appellant was placed on four (4) years of community control sanctions. A mandatory driver's license suspension of ninety-nine (99) years was also imposed. Appellant was notified, in open court, and pursuant to the sentencing entry that "violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or re-imposition of the 18-month prison term."

{¶8} On June 9, 2010, Appellant violated the terms of his probation. As a sanction for his actions, Appellant served six (6) days in the Guernsey County Jail.

{¶9} On February 28, 2011, Appellant again violated the terms of his probation and was placed in the Guernsey County Jail until bond was set and posted eight days later.

{¶10} On March 4, 2011, a Motion to Revoke Community Control Sanctions was filed by the Guernsey County Adult Probation Department.

{¶11} On April 22, 2011, an agreed order was filed whereby the parties agreed that Appellant was in need of further rehabilitation. Appellant was then transferred from "basic supervision" to "drug court supervision" for a period of one year.

{¶12} On February 2, 2012, a second motion to Revoke Community Control Sanctions was filed with the trial court. That motion alleged that Appellant had violated the conditions of his community control as follows: by failing to reside at his approved address and providing false information as to his residential address/whereabouts; by testing positive for drugs on 11/1/11 and 1/20/12; and by driving without the legal privilege to do so.

{¶13} On March 26, 2012, a revocation hearing on the alleged violations was held at which time Appellant admitted to the violations contained within the motion. Appellant initially admitted, and then later denied, the second allegation of illegal drug use.

{¶14} At said hearing Appellant stated, "and the last test for benzos I absolutely deny any use." (T. at 15).

{¶15} Appellant's counsel further inquired of him, "I believe he admitted the original to Count One, but not Count Two on Number 2 is that correct David?" to which Appellant responded "Yes". (T. at. 15)

{¶16} Following argument of counsel, the trial court took the matter under advisement, allowing Appellant to attend a medical appointment scheduled for that date.

{¶17} By decision dated May 27, 2012, the trial court revoked the community control sanctions of Appellant and sentenced him to the original prison term of eighteen (18) months with credit for 152 days served. Appellant was ordered to report to the Guernsey County Jail on Apri 12, 2012 at 9:00 a.m.

{¶18} On March 30, 2012, Appellant, through counsel, filed a Motion for Stay of the order of March 27, 2012. Said motion was granted by entry dated March 30, 2012 with the trial court therein ordering Appellant to report to the Guernsey County Jail on May 7, 2012.

{¶19} On May 4, 2012, Appellant filed a Motion for Delayed Appeal and a Notice of Appeal with this Court. On the same date, Appellant filed a Motion for Stay of Order of March 30, 2012. Said motion was granted by the trial court by entry dated May 7,

2012. Therein, Appellant was granted a stay of execution of his sentence pending this appeal. The motion for delayed appeal was granted by this Court on June 14, 2012.

{¶20} Appellant now assigns the following error for review:

## ASSIGNMENT OF ERROR

{¶21} "I. THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## I.

{¶22} In his sole Assignment of Error, Appellant contends that the revocation of his community control is against the manifest weight of the evidence. We disagree.

{¶23} The right to continue on community control depends on compliance with community control conditions and "is a matter resting within the sound discretion of the court." *State v. Garrett,* Stark App. No. 2010 CA 00210, 2011-Ohio-691 at ¶ 13; *State v. Schlecht,* 2nd Dist. No. 2003-CA-3, 2003–Ohio–5336, citing *State v. Johnson* (May 25, 2001), 2nd Dist. No. 17420.

{¶24} A community control revocation hearing is not a criminal trial. *State v. White,* Stark App. No. 2009-CA-00111, 2009-Ohio-6447. The state therefore need not establish a community control violation by proof beyond a reasonable doubt. *White, supra* at ¶ 13; *State v. Ritenour,* Tuscarawas App. No. 2006AP010002, 2006–Ohio–4744 at ¶ 36; *State v. Spencer,* Perry App. No. 2005-CA-15, 2006-Ohio-5543 at ¶ 12; *State v. Henry,* Richland App. No. 2007-CA-0047, 2008-Ohio-2474. As this Court noted in *Ritenour,* "Rather, the prosecution must present substantial proof that a defendant violated the terms of his or her probation ... Accordingly, in order to determine whether a defendant's probation revocation is supported by the evidence, a reviewing court should

apply the 'some competent, credible evidence' standard set forth in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St .2d 279, 376 N.E.2d 578 ... This highly deferential standard is akin to a preponderance of evidence burden of proof ..." *State v. Ritenour, supra* at ¶ 36. (Citations omitted). *See also, State v. Gullet,* Muskingum App. No. CT2006–0010, 2006–Ohio–6564, ¶ 22–23.

**{¶25}** Once a court finds a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion. *State v. White, supra* at ¶ 14. (Citing *State v. Ritenour, supra* at ¶ 37). (Internal Citations omitted). Thus, a reviewing court will not reverse a trial court's decision absent an abuse of discretion. *State v. Sheets* (1996), 112 Ohio App.3d 1, 677 N.E.2d 818; *State v. Ritenour, supra* at ¶ 37. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Maurer* (1984), 15 Ohio St.3d 239, 253, 473 N.E.2d 768.

**{¶26}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, certiorari denied (1990), 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183. Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections which cannot be conveyed to us through the written record, *Miller v. Miller* (1988), 37 Ohio St.3d 71, 523 N.E.2d 846.

**{¶27}** In the instant case, the trial court had before it the testimony and evidence as set forth by Appellant's probation officer that Appellant violated the terms of his community sanctions, including not residing at the approved address.  (T. at 18).

Additionally, Appellant did not deny testing positive for three different drugs and driving off road, without a driver's license. (T. at 18).

{¶28} As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (February 10, 1982), Stark App. No. CA–5758. Accordingly, a judgment supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.

{¶29} Based on the foregoing, we find that the trial court did not abuse its discretion in finding that Appellant violated the terms and conditions of his community control and revoking same

{¶30} Appellant's sole Assignment of Error is overruled.

{¶31} Accordingly the judgment of the Court of Common Pleas, Guernsey County, Ohio, is affirmed.

By: Wise, J.

Delaney, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 1025

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                         :
                                                      :
    Plaintiff-Appellee                             :
                                                      :
-vs-                                                  :          JUDGMENT ENTRY
                                                      :
DAVID C. SLOSKY, JR.                                  :
                                                      :
    Defendant-Appellant                            :          Case No. 12 CA 13


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.

Costs assessed to Appellant.


_____


_____


_____

                        JUDGES