[Cite as *State v. Palmer*, 2013-Ohio-5151.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13 CA 33 |
| WILLIAM PALMER, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case Nos. 2010 CR 912 and 2011 CR 813

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 21, 2013

APPEARANCES:

For Plaintiff-Appellee                               For Defendant-Appellant

JAMES J. MAYER, JR.                            JAMES L. BLUNT, II
PROSECUTING ATTORNEY                     445 West Longview Avenue
JILL M. COCHRAN                                Mansfield, Ohio  44903
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902

*Wise, J.*

{¶1} Appellant William Palmer, Jr. appeals from the decision of the Court of Common Pleas, Richland County, which revoked his community control sanctions. The relevant facts leading to this appeal are as follows.

{¶2} On February 11, 2011, appellant was indicted under common pleas case number 2010-CR-912H with multiple felony counts, including felonious assault, kidnapping, rape, and burglary. On October 13, 2011, appellant appeared before the trial court and entered pleas of no contest to one count of aggravated assault (a felony of the fourth degree) and one count of attempted abduction (a felony of the fourth degree). The State dismissed the remaining counts in exchange for appellant's plea.

{¶3} On November 16, 2011, appellant was sentenced in case number 2010-CR-912H to, inter alia, four years of community control.

{¶4} On February 2, 2012, appellant was indicted in case number 2011-CR-0813 with one count of unauthorized use of a motor vehicle, one count of misuse of a credit card and one count of burglary. That case proceeded to a jury trial on June 1, 2012. The jury found appellant guilty of unauthorized use of a motor vehicle but not guilty of the other charges. Appellant was sentenced in 2011-CR-0813 on June 11, 2012 to, inter alia, two years of community control.

{¶5} In February and March of 2013, the Adult Parole Authority (APA) received anonymous telephone calls alleging that appellant, still under community control restrictions, had been keeping women at his residence on Lenox Avenue in Mansfield for the purpose of prostitution. Appellant's APA probation officer, Luke Mayer, later

testified that these tips also indicated that the women were being kept "doped up" for purposes of prostitution. *See* Transcript of Community Control Violation Hearing at 7.

{¶6}   A home visit was arranged for March 4, 2013. Mayer had appellant report to the APA office on that day, at which point he was detained so that officers could do a search of the residence. Appellant was placed in handcuffs and driven to his residence. During the trip, appellant told officers that there might be a nude female located inside. Tr. at 8. Appellant provided the APA with a key to the residence, which Mayer used to gain entry inside.

{¶7}   Upon entry into the home, the APA officers announced their presence and indeed discovered a naked woman wrapped in a blanket on appellant's couch. On the coffee table near the couch, the officers found what appeared to be cocaine and drug paraphernalia (needles and a spoon) in plain sight. The woman was incoherent and mumbling. Paramedics were called, and the woman was taken to the hospital. The Mansfield Police Department was contacted to collect the items on the coffee table.

{¶8}   The Mansfield Police thereafter arranged for evidence testing and discovered that the substance found in a baggie on appellant's coffee table tested positive for cocaine. However, appellant was tested for drugs after his arrest and the test was negative.

{¶9}   On March 6, 2013, appellant's probation officer, Luke Mayer, filed a community control violation complaint in both cases. The complaint alleged three violations. Two alleged violations were for violating the law by possessing cocaine and drug paraphernalia. The third violation was for failing to pay fines, costs and restitution.

**{¶10}** Appellant was arraigned on the community control violation complaints on March 12, 2013. The matter came before the trial court for a contested hearing on April 2, 2013. After hearing the evidence, the trial court found appellant to be in violation of his community control as alleged in counts one and two of the aforesaid complaints for possessing cocaine and drug paraphernalia.

**{¶11}** Appellant was thereafter sentenced in case number 2010-CR-912H to eighteen months on each of the two counts, to run consecutively to each other. Appellant was maintained on community control in case 2011-CR-0813, to continue upon his release from prison.

**{¶12}** Appellant filed a notice of appeal as to both trial court case numbers on April 11, 2013. He herein raises the following sole Assignment of Error:

**{¶13}** "I.  THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT THE DEFENDANT POSSESED [SIC] COCAINE OR DRUG PARPHENALIA [SIC]."

I.

**{¶14}** In his sole Assignment of Error, appellant contends the trial court abused its discretion in finding appellant in violation of his community control conditions by finding that he possessed cocaine and/or drug paraphernalia. We disagree.

**{¶15}** "The privilege of probation [or community control] rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Russell,* Lake App.No. 2008-L-142, 2009-Ohio-3147, ¶ 7, quoting *State v. Bell* (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. Because a revocation hearing is not a criminal trial, the State only has to introduce evidence showing that it was more probable than not that the person on

probation or community control violated the terms or conditions of the same. *See State v. Stockdale* (Sept. 26, 1997), Lake App. No. 96-L-172. Once a trial court finds that a defendant has violated community control conditions, it possesses discretion to revoke the defendant's community control. In that event, appellate courts should not reverse the trial court's decision unless the court abused its discretion. *See State v. Wolfson* (May 25, 2004), Lawrence App. No. 03CA25, 2004-Ohio-2750, ¶7-¶8; *State v. Umphries* (July 9, 1998), Pickaway App. No. 97CA45, 1998 WL 377768.

**{¶16}** In the case sub judice, appellant does not dispute that during the home visit of March 4, 2013, Probation Officer Mayer observed drugs and paraphernalia in the proximity of the woman in appellant's house. However, appellant maintains that possession of those items cannot be attributed to him simply by their presence in his house.

**{¶17}** We note R.C. 2925.01(K) states as follows: " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance *through ownership or occupation of the premises* upon which the thing or substance is found." (Emphasis added.) However, we have recognized on previous occasions that "[d]ominion and control may be proven by circumstantial evidence alone." *See*, *e.g.*, *State v. Carrothers,* Tuscarawas App.No. 2004 AP 10 0067, 2005–Ohio–4495, ¶ 7, citing *State v. Trembly,* 137 Ohio App.3d 134, 738 N.E.2d 93 (2000). Furthermore, although the issue is not developed in the present appeal, generally "revocation hearings are not subject to the rules of evidence, thus allowing for the admission of hearsay evidence." *See State v. Thomas–Baker,* 3d Dist. Marion No. 9–11–03, 2011–Ohio-4891, ¶ 8.

**{¶18}** The woman at appellant's home on March 4, 2013, purportedly Samantha E., did not testify at the revocation hearing. Appellant called one witness, Jessica K., a friend of appellant. Jessica testified that Samantha, described as a reputed prostitute and a drug addict, told her the drugs at issue belonged to Samantha. Tr. at 24-27. On the other hand, Probation Officer Mayer noted that Samantha told him that "she was scared to death" of appellant, who had "kept her there at the house to have guys come over to have sex with." Tr. at 16. Circumstantial evidence was thus adduced, albeit in hearsay form, allowing the inference that the drugs and related items were in appellant's house as a means of exploiting women for purposes of a prostitution enterprise benefitting appellant.

**{¶19}** Because a community control revocation hearing is not a criminal trial and does not require that the State prove its allegations beyond a reasonable doubt, our review as to whether a defendant's revocation is supported by the evidence is conducted under a "highly deferential standard." *See State v. Slosky*, Guernsey App.No. 12 CA 13, 2012-Ohio-5853, ¶ 24, citing *State v. Ritenour,* Tuscarawas App.No. 2006AP010002, 2006–Ohio–4744, ¶ 36 (additional citations omitted). Furthermore, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *See, e.g., State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180. Upon review, we find there was sufficient circumstantial evidence that appellant violated the terms of his community control via drug and drug paraphernalia possession, and the trial court did not abuse its discretion in its corresponding decision to partially revoke appellant's community control sanction.

{¶20} Appellant's sole Assignment of Error is therefore overruled.

{¶21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.


By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.


_____
HON. JOHN W. WISE


_____
HON. W. SCOTT GWIN


_____
HON. CRAIG R. BALDWIN

JWW/d 1107

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                         :

      Plaintiff-Appellee           :

-vs-                           :           JUDGMENT ENTRY

WILLIAM PALMER, JR.         :

      Defendant-Appellant    :           Case No. 13 CA 33


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to appellant.


_____
HON. JOHN W. WISE


_____
HON. W. SCOTT GWIN


_____
HON. CRAIG R. BALDWIN