THE STATE OF OHIO, APPELLANT, *v.* CONTI, APPELLEE.

(No. 56423—Decided May 8, 1989.)

*John T. Corrigan,* prosecuting attorney, and *George George,* for appellant.

*Richard Weiner,* for appellee.

*Per Curiam.* This court initially granted the state leave to appeal appellee's conviction of aggravated assault, entered upon a plea of no contest to an indictment for aggravated burglary and felonious assault. We have determined, however, that leave to appeal was improvidently allowed to the extent that the state contests, in the first and second assignments of error, appellee's conviction for the lesser offense.

The state may obtain leave to appeal any decision in a criminal case "except the final verdict." R.C. 2945.67(A). The Ohio Supreme Court has held that the Double Jeopardy Clause precludes prosecution for a greater offense after the trial court has accepted a plea of no contest to a lesser included offense. *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380, 8 O.O. 3d 393, 377 N.E. 2d 494; *State, ex rel. Leis,* v. *Gusweiler* (1981), 65 Ohio St. 2d 60, 19 O.O. 3d 257, 418 N.E. 2d 397. These holdings seem questionable, however, in view of *Ohio* v. *Johnson* (1984), 467 U.S. 493, which held that a guilty plea to a lesser included offense does not bar trial for a pending greater offense.

Nevertheless, R.C. 2945.67(A) may forbid appeal even when reversal of the trial court's judgment would not result in a double jeopardy violation. See *State, ex rel. Yates,* v. *Court of Appeals for Montgomery Cty.* (1987), 32 Ohio St. 3d 30, 512 N.E. 2d 343 (disallowing appeal of a Crim. R. 29[C] judgment of acquittal notwithstanding the jury's verdict). A trial court clearly has

the general authority to find a defendant guilty of a lesser offense upon a plea of no contest. *Gusweiler, supra.* Although both *Gusweiler* and *O'Connor* were decided before the enactment of R.C. 2945.67, the cases are instructive in that the Supreme Court reviewed the court's judgment as an implicit acquittal of the greater offenses and, in *O'Connor,* expressly characterized the judgment as a "final verdict" for double jeopardy purposes. *O'Connor, supra,* at 383, 8 O.O. 3d at 395, 377 N.E. 2d at 497. This exercise of authority is essentially a "factual determination of innocence," a characteristic emphasis by the Supreme Court in *Yates, supra,* at 32-33, 512 N.E. 2d at 345. Thus, we hold that the court's judgment in the case before us was a "final verdict" within the meaning of R.C. 2945.67.

The third assignment contends the trial court improperly terminated appellee's probation without a hearing and imposed a new probation. Since this assignment relates to appellee's sentence rather than conviction, this may be raised by the state on appeal. *State, ex rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121, 16 O.O. 3d 143, 403 N.E. 2d 989. The state's argument, however, is not supported by the record. The journal entry of conviction is silent on the matter of probation, although the transcript reveals the court intended to continue the probation previously imposed. Pursuant to R.C. 2951.07, the period of probation will be tolled during appellee's incarceration.

Moreover, we reject the argument asserted in appellant's notice of additional authority that the court was required to order the previous sentence into execution and impose a consecutive sentence for the new offense. R.C. 2929.41(B)(3) does not dictate when probation must be revoked, but merely provides that, in the event of revocation, the sentence for the new offense must run consecutively to any previous sentence ordered into execution. Cf. *Moss* v. *Patterson* (C.A. 6, 1977), 555 F. 2d 137. The revocation of probation and imposition of a previous sentence is discretionary with the trial judge. R.C. 2951.09.

*Judgment affirmed.*

ANN MCMANAMON, C.J., PATTON and J. V. CORRIGAN, JJ., concur.