**The STATE of Ohio, Appellee,**

v.

**SHEETS, Appellant.**

[Cite as *State v. Sheets* (1996), 112 Ohio App.3d 1.]

Court of Appeals of Ohio,
Fourth District, Highland County.

Nos. 95CA878, 95CA880.

Decided June 21, 1996.

*Fred Beery,* for appellee.

*Michael E. Cassity* and *Robin J. Levine,* for appellant.

**4**

KLINE, Judge.

This appeal arises from the Highland County Municipal Court. Defendant-appellant William Sheets was charged with failing to provide sufficient quantities of food to ten specified horses in violation of R.C. 959.13.[1] Appellant had a total of one hundred twenty-two horses on his farm. All of the horses were seized by the Highland County Humane Society, but appellant was charged with cruelty to animals for only ten specific horses. Appellant pled no contest to nine of the charges and contested one charge. Appellant was found guilty of all charges and now appeals. Appellant asserts the following assignments of error:

"I. The trial court erred in overruling appellant's motion to suppress evidence.

"II. The trial court erred in finding the appellant guilty upon his plea of no contest.

"III. The trial court erred in requiring appellant to surrender all 122 horses seized pursuant to the February 8, 1995 search warrant.

"IV. The trial court erred in overruling appellant's motions for acquittal which were made pursuant to Crim.R. 29 because the rulings were against the manifest weight of the evidence."

The charges against appellant stem from a search of appellant's farm on February 11, 1995 authorized by a search warrant issued on February 8, 1995. One hundred twenty-two horses were seized and placed in the care of the Highland County Humane Society as a result of this search. Appellant was charged with ten violations of R.C. 959.13. Appellant sought to suppress evidence acquired during the search, but his motion was denied.

Appellant's farm is located on the border of Highland and Adams Counties. The trial court found that nine of the horses for which appellant was charged with cruelty were in pasture areas on the Adams County portion of appellant's farm when they were seized. Appellant pled no contest to the nine charges of cruelty to these horses. Appellant was sentenced to ninety days in jail for each of these nine charges with the sentences to run consecutively, subject to the aggregate maximum sentence for misdemeanors of eighteen months. See R.C. 2929.41(E)(3). Appellant was also fined $500 for each charge. The jail sentence and the fines for eight of the nine charges were suspended and appellant was placed on three years' probation subject to the following conditions: (1) appellant

---

1. R.C. 959.13(A)(1) provides that "[n]o person shall * * * impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water."

was required to pay fines and costs ordered by the court; (2) appellant was required to pay the cost of care for the nine horses named in the complaints; and (3) appellant was required to "divest himself of all horses under the direction and supervision of the Highland County Humane Society, and * * * [to] own or possess no horses in Highland County, Ohio during the term of probation."

Appellant contested the tenth charged violation of R.C. 959.13, cruelty of a horse named Jamala Christie. Jamala Christie was found in appellant's barn, which was located in Highland County. At the close of the state's case, appellant brought a Crim.R. 29(A) motion for acquittal, which was subsequently denied. The jury found appellant guilty of cruelty to Jamala Christie. The trial court sentenced appellant to ninety days in jail and fined him $750. The trial court suspended eighty days of the sentence subject to conditions similar to those specified for the other nine charges.

Appellant, in his first and second assignments of error, argues that the trial court erred when it overruled appellant's motion to suppress evidence resulting from the February 11, 1995 search of his farm. Appellant presents two arguments in support of his claims. Appellant first charges that the affidavits submitted to the magistrate provided an insufficient basis upon which the Highland County Municipal Court could have determined the existence of probable cause to issue the search warrant. Second, appellant claims that the search warrant issued by the Highland County Municipal Court was invalid for the Adams County portion of his farm.

■ Appellant's first argument centers on the affidavit sworn to before the magistrate and whether it was based upon hearsay evidence. Crim.R. 41(C) provides:

"A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. * * * The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished."

■ A magistrate's duty in reviewing a request for a search warrant is " 'to make a practical, common-sense decision whether, given all circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus, quoting *Illinois v. Gates* (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548. "In reviewing the sufficiency of the probable cause in an affidavit submitted

in support of a search warrant issued by a magistrate * * * the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *State v. George,* at paragraph two of the syllabus. Doubtful or marginal cases are to be resolved in favor of upholding the warrant. *Id.*

Officer Charles Middleton, a law enforcement officer with eleven years' experience, stated the following pertinent information in his affidavit to the Highland County Municipal Court:

"Affiant received information on 2–6–95 that there [were] possible horses being kept on a farm owned by William Sheets that were not being fed properly and were in very bad condition. Affiant, along with Anne Tieman, Humane Officer for Highland County, observed a videotape of the horses which was made 2–5–95 by a reliable individual. The video showed a large number of horses that were being kept in the back pasture of the Sheets farm which is located at 1551 SR 41 in Brushcreek Township, Highland County. The majority of the horses appeared to be in very serious need of nutrition and medical attention. There were two mares and a foal located dead in this same pasture area. This video was shown to a local horse owner and breeder with approximately fifty years experience and this person stated that there is a very serious problem with these horses and if something is not done as soon as possible it appears that a large number of these horses will die. Information has also been obtained from a reliable source that William Sheets has made the statement within the last several days that he does not have the money to buy hay for the horses in the back pastures. This reliable source also has first hand knowledge that there are several horses being housed in the barns on the property that are also in need of medical attention."

Appellant is correct in his observation that the affidavit relies largely on hearsay evidence to establish probable cause. However, this does not fatally taint the affidavit and resulting search warrant because we find that there is a substantial basis for believing that the source of the hearsay is credible and that probable cause existed. Officer Middleton did not observe the horses in question himself, but rather observed a videotape of horses on a farm he identified as appellant's. The videotape indicated that the horses were in serious need of nutrition. Officer Middleton's statements regarding the content of the video were supported by the affidavit of Anne Tieman, the local Humane Society officer, who also viewed the videotape. Tieman stated in her affidavit that the horses located on appellant's farm were in serious need of nutrition based on the videotape. To the extent that the content of the videotape is hearsay, it is credible and provides a factual basis for the information furnished by Officer Middleton; Officer Middleton and Anne Tieman identified the farm in the video as appellant's and the possibility of forgery is minute in this instance. According-

ly, appellant's motion to suppress evidence on grounds that the affidavit submitted to the Highland County Municipal Court did not establish probable cause is not well taken.

■ Appellant next claims that evidence of the nine horses found in the pasture area of appellant's farm in Adams County, to which charges he pled no contest, should have been suppressed because the Highland County Municipal Court lacked jurisdiction to issue a warrant for pasture area in Adams County. However, this issue is moot because a search warrant was not needed to search the pasture area of appellant's farm.

■ The Fourth Amendment to the United States Constitution guarantees "the right of the People to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Accordingly, the state is prohibited from making unreasonable intrusions into areas where people have legitimate expectations of privacy without a search warrant. *United States v. Chadwick* (1977), 433 U.S. 1, 7, 97 S.Ct. 2476, 2481, 53 L.Ed.2d 538, 546. However, the "open fields" doctrine, first enunciated by Justice Holmes in *Hester v. United States* (1924), 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898, 900, provides that one does not have a legitimate expectation of privacy in open fields beyond the curtilage. *Oliver v. United States* (1984), 466 U.S. 170, 178, 104 S.Ct. 1735, 1741, 80 L.Ed.2d 214, 224. Curtilage is the area immediately surrounding a dwelling. *United States v. Dunn* (1987), 480 U.S. 294, 300, 107 S.Ct. 1134, 1139, 94 L.Ed.2d 326, 334. Factors to consider in pinpointing curtilage are "the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by." *Id.* at 301, 107 S.Ct. at 1139, 94 L.Ed.2d at 334–335.

The nine horses that were found in Adams County were clearly in an area that was an "open field." We note that the area is described repeatedly as "the back pasture." The area is not near appellant's home, but was fenced to operate as a pasture. The fence did not prevent observation. Therefore, appellant did not have a legitimate expectation of privacy in the back pasture area, and a search warrant was not needed to search the area. Appellant's claim is therefore not well taken. Appellant's first and second assignments of error are overruled.

■ Appellant, in his third assignment of error, charges that the trial court erred in requiring appellant, as a condition of his probation, to surrender all one hundred twenty-two horses seized on February 11, 1995, although he was convicted of cruelty to only ten of these horses. In a related probationary condition, the trial court barred appellant from owning or possessing horses in Highland County during the term of his probation, which was three years.

A trial court may impose requirements on an offender as a condition of probation "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior." R.C. 2951.02. A trial court has broad discretion in determining conditions of probation and will not be subject to reversal on appeal absent an abuse of that discretion. *State v. Jones* (1990), 49 Ohio St.3d 51, 52, 550 N.E.2d 469, 470. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.

Appellant was convicted of ten violations of R.C. 959.13(A)(1), which provides that "[n]o person shall * * * impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water." R.C. 959.99(D) states:

"Whoever violates [R.C. 959.13(A) ] is guilty of a misdemeanor of the second degree. In addition, the court may order the offender to forfeit the animal or livestock and may provide for its disposition including, but not limited to, the sale of the animal or livestock. If an animal or livestock is forfeited and sold pursuant to this division, the proceeds from the sale shall first be applied to pay the expenses incurred with regard to the care of the animal from the time it was taken from the custody of the former owner. The balance of the proceeds from the sale, if any, shall be paid to the former owner of the animals."

Appellant claims that the trial court abused its discretion by setting probationary conditions that exceeded the divestiture power of R.C. 959.99(D). Appellant argues that R.C. 959.99(D) provides for the forfeiture of only "the animal or livestock" that was treated cruelly in violation of R.C. 959.13(A), rather than all animals or livestock that one who violates R.C. 959.13(A) possesses. Therefore, appellant claims that the trial court was authorized, pursuant to R.C. 959.99(D), to order the divesture of only ten of appellant's horses, rather than all one hundred twenty-two.

In *State v. Jones, supra*, the Ohio Supreme Court upheld a condition of probation that the defendant not associate or communicate with anyone under the age of eighteen. We note that the defendant in *State v. Jones* could not have been barred from associating or communicating with minors as part of his sentence. *State v. Jones* demonstrates that conditions of probation may be imposed which were not authorized pursuant to sentencing. Rather than focusing exclusively on whether a condition of probation was authorized pursuant to the Revised Code for purposes of sentencing, "[c]ourts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Id.*, 49 Ohio St.3d at 53, 550 N.E.2d at 470.

We therefore reject appellant's assertion that the trial court was limited by R.C. 959.99(D) when it ordered divesture and other similar conditions as part of probation. The probationary conditions that appellant challenges certainly have a relationship to the crime of which he was convicted. Appellant failed to properly feed his horses and the probationary conditions prohibit him from owning or possessing horses. The conditions also relate to future criminality by preventing appellant from being in a position, as owner or possessor of a horse, where he would be responsible for the animal's feeding. Finally, the conditions relate to rehabilitation by impliedly permitting appellant to own and possess horses in the future. We therefore find that the trial court did not abuse its discretion in its formulation of conditions for appellant's probation. See *State v. Drakulich* (Sept. 30, 1992), Portage App. No. 91–P–2352, unreported, 1992 WL 274613. Appellant's third assignment of error is overruled.

In his fourth assignment of error, appellant charges that the trial court erred when it overruled his Crim.R. 29(A) motion for acquittal at the close of the state's case involving the cruelty to Jamala Christie. When reviewing a trial court's denial of a Crim.R. 29(A) motion for acquittal, we must construe the evidence in a light most favorable to the state and determine whether reasonable minds could reach different conclusions concerning whether the evidence proves each element of the crime beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 263, 9 O.O.3d 401, 402, 381 N.E.2d 184, 185. An appellate court must not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt. *State v. White* (1989), 65 Ohio App.3d 564, 568, 584 N.E.2d 1255, 1258.

The state sought to prove that appellant confined Jamala Christie without supplying her with a sufficient quantity of good wholesome food during the confinement. See R.C. 959.13(A). The state presented testimony from three veterinarians, the director of the humane society, and several other witnesses to prove that Jamala Christie had not received sufficient food. All testified that Jamala Christie was noticeably underweight. One of the veterinarians, Dr. McQuin, testified that Jamala Christie was thirty to thirty-five percent underweight. Dr. McQuin noted that Jamala Christie had gained between fifty to seventy pounds in seven weeks after being removed from appellant's farm. Appellant suggested in his cross-examination of the state's witnesses that Jamala Christie was found in a thin condition on February 11 because (1) Jamala Christie had been a thin horse for the past few years, (2) Jamala Christie had been nursing her foal since June and it was not uncommon for a horse in her position to be thin, and (3) Jamala Christie had injured her leg in early February and was not eating much because of the injury.

After reviewing the state's evidence, we cannot say that reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt. Therefore, appellant's fourth assignment of error is overruled.

All of appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER B. ABELE, P.J., and HARSHA, J., concur.