OPINION
In 1995, appellant William T. Johnson was indicted by the Stark County Grand Jury with one count of Felonious Assault (R.C.2903.11(A)). Appellant was charged with stabbing a woman in the neck with a knife, then slashing her face. Appellant entered a plea of guilty, and was sentenced to an indeterminate term of incarceration of three to fifteen years.
After approximately eight months of incarceration, the court suspended further execution of appellant's sentence, and granted him super shock probation pursuant to R.C. 2947.06(1)(B). Appellant was placed on probation for three years. In addition to the usual terms and conditions of probation, the court imposed special conditions, including completing a halfway house program, abstaining from drugs and alcohol, making restitution, attending anger management counseling, subjecting to random urine analysis, and having no contact with the victim.
Less than a year after probation was granted, the State filed a motion to revoke appellant's probation. Appellant stipulated to probable cause, and the case proceeded to evidentiary hearing. At the hearing, appellant admitted that he failed to keep his probation officer informed of his residence or place of employment, and did not successfully complete the halfway house program. However, appellant testified that he left the Orianna House program after four and one-half months because he discovered that he was HIV positive. According to appellant, this information leaked out, and he suffered harassment at Orianna House because of his HIV status. Appellant testified that he needed to get away to think about things, and he needed to obtain proper treatment for his medical condition. He also testified that the VA hospital where he had been receiving medical treatment was willing to accept him in their mental health program.
Following the hearing, the court revoked appellant's probation, and imposed the original term of incarceration of three to fifteen years. Appellant assigns a single error:
ASSIGNMENT OF ERROR:
 THE JUDGE ABUSED HIS DISCRETION IN SENTENCING THE DEFENDANT TO PRISON IN LIGHT OF THE MITIGATING CIRCUMSTANCES.
The revocation of probation and imposition of a previous sentence rests in the discretion of the trial court Judge. Statevs. Conti (1989), 57 Ohio App.3d 36, 37. An abuse of discretion connotes more than an error of law; the term implies an unreasonable, arbitrary, or unconscionable attitude. State vs.Maurer (1984), 15 Ohio St.3d 239, 250, cert. denied, (1985),472 U.S. 1012.
The trial court did not abuse its discretion in revoking appellant's probation and imposing the original sentence. Appellant admitted that he failed to keep his probation officer informed of his place of residence, and failed to successfully complete the anger management program at Orianna House. Appellant argued that he was justified for violating the terms and conditions of his probation because of his HIV status. However, despite his medical condition, appellant left the area without telling his probation officer where he was living, or where he was obtaining treatment for the HIV virus. The trial court did not abuse its discretion in failing to accept appellant's medical condition as adequate justification for admittedly violating the terms of his probation.
The Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00148
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.