[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from the Union County Common Pleas Court Journal Entry of February 17, 1998 finding that the Defendant Appellant Abram Neel Ransome violated the terms of his probation established by order of the court entered November 24, 1997, and reimposing his previous sentences. Appellant had been sentenced to 1 1/2 years for Corruption of a Minor, a violation of R.C. 2907.04(A), a felony of the fourth degree, and to 1 year for Receiving Stolen Property, a violation of R.C. 2913. 51(A), a felony of the fifth degree, to be served consecutively. Pursuant to Loc.R. 12(5), we elect to render a decision by full opinion, with the action to remain on the accelerated calendar.
The record indicates that on February 17, 1998, the trial court held a hearing regarding alleged community control violations. Appellant was present with his counsel Jeff Holtschulte. The allegations were that Appellant violated Standard Condition No. 13, failing to follow orders given by the Coordinator, specifically that he was to have no alcohol at his residence. He was also charged with violation of Standard Condition No. 16, failure to follow and complete all components of his case plan, including providing accurate and honest responses to all inquiries. Appellant was additionally charged with a violation of Standard Condition No. 21 that he was not to associate with persons having a criminal background and/or persons who may have gang affiliations, or who could influence Appellant to engage in criminal activity. The final alleged violation was of Standard Condition No. 22, failing to respond to electronic monitoring pages and failing to telephonically report on scheduled days and times.
At the hearing, Appellant through his counsel admitted that six days after he was specifically told not to have alcohol in his residence, there was alcohol in his residence. He also admitted that he had lied to the Day Reporting Coordinator about his knowledge of a 17 year old runaway minor staying at his residence. Appellant also stated that a person with a criminal background was residing with him but that he had not been aware of his criminal background at that time. Finally, Appellant admitted that he failed to comply with required reporting and responses to pages. The court then found that Appellant had violated allegations one, two and four and reimposed the previous sentence.
Appellant for his assignment of error states:
 The trial court erred in revoking Appellant's probation based upon insufficient evidence of minor misconduct while in the Day Reporting Program, as the alleged violations were not so serious as to warrant revocation.
In a probation violation proceedings, the state must present some competent credible evidence that the defendant has violated the terms of his probation. C.F. Morris Constr. Co. v. Foley
(1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578. If the evidence is present, the revocation of probation and imposition of sentence is within the sound discretion of the trial court. Statev. Conti (1989), 57 Ohio App.3d 36, 565 N.E.2d 1286. A reviewing court will not reverse the trial court's decision absent a finding that the trial court abused its discretion by being "unreasonable, arbitrary, or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
Based upon Appellant's admissions in open court, we find that there was competent evidence upon which the trial court could base its finding of probation violations. The court then pointed out that Appellant had had ample opportunity to get his life in order and had responded by reappearing in court for the probation violations. The reimposition of sentence was thus not unreasonable, arbitrary, or unconscionable.
We therefore find that the assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW, P.J., and BRYANT, J., concur.