OPINION
Defendant-appellant, James A. Crowder, appeals a decision of the Clermont County Court of Common Pleas, revoking his probation and reinstating a previously suspended, eighteen-month prison term. The decision of the trial court is affirmed.
On January 27, 1994, appellant pled guilty to a charge of felony nonsupport of dependents, a violation of R.C. 2919.21(A)(2). The trial court ordered that appellant pay restitution, and sentenced appellant to eighteen months in prison. The trial court suspended the prison sentence and placed appellant on probation for a period of five years. As conditions of his probation, he was required to pay restitution and notify his probation officer of any change of address or employment.
Appellant's probation was transferred first to Texas, then to Missouri, as appellant moved to maintain employment. After losing his job in Missouri, appellant moved back to Texas to work for his brother. However, he failed to notify his probation officer of the move or his change in employment. At this time appellant also stopped making payments on the child support arrearage, also a condition of his probation.
In November 1995, an affidavit was filed alleging that appellant had stopped paying restitution and had moved from Missouri back to Texas, without informing his probation officer. Appellant was arrested in Texas in 1999, and was extradited to Clermont County. At the probation revocation hearing, he alleged that he had lost his job in Missouri because his employer wanted to avoid the complications of the court-ordered wage assignment order. He further testified that he believed that, regardless of any good faith attempt to remain employed, he would be imprisoned if he failed to make support payments. It was this fear, he testified, that prevented him from notifying his probation officer of his change in employment and residence.
In an entry filed January 18, 2001, the trial court revoked appellant's probation and imposed the previously suspended eighteen-month prison sentence. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED WHEN IT IMPOSED THE PREVIOUSLY ORDERED MAXIMUM TERM OF IMPRISONMENT.
 Appellant first contends that the trial court erred by imposing the previously suspended prison term rather than continuing probation. The offense underlying appellant's conviction occurred prior to July 1, 1996, the effective date of Senate Bill 2, which revamped Ohio's sentencing scheme. As the offense was committed before July 1, 1996, appellant was sentenced pursuant to the former version of R.C. Chapter 2929, and it is under the former version of the statute which we conduct our review. State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus, certiorari denied (1999), 525 U.S. 1151, 119 S.Ct. 1052.
Under the former version of R.C. 2951.09, the decision whether to revoke a defendant's probation lies within the discretion of the trial court. State v. Conti (1989), 57 Ohio App.3d 36, 37; State v. McKnight
(1983), 10 Ohio App.3d 312, 313. "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." State v. Bell (1990), 66 Ohio App.3d 52, 57.
At the probation revocation hearing, appellant admitted that he had violated the terms of his probation by failing to make payments on the restitution order, and failing to inform his probation officer of changes in his employment and residence. Because the trial court can validly revoke probation for any violation of a probation condition, the trial court did not abuse its discretion in revoking appellant's probation for the violations which he admitted.
Appellant also contends that the trial court erred by imposing the maximum possible prison sentence. The proper remedy for errors in sentencing is by appeal. In re Copley (1972), 29 Ohio St.2d 35. Pursuant to the former R.C. 2951.10, an order "suspending the imposition of a sentence and placing the defendant on probation is a final order from which appeal may be prosecuted." The original sentencing entry was a final, appealable order. Appellant did not timely appeal from the trial court's judgment, nor did he seek leave of court to file a delayed appeal. Accordingly this court is without jurisdiction to consider this portion of appellant's assignment of error. See State v. Roark (Dec. 4, 1990), Adams App. No. 502, unreported.
The assignment of error is overruled.
YOUNG, P.J., and VALEN, J., concur.