[Cite as *State v. Garrett*, 2011-Ohio-691.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2010 CA 00210 |
| JAMIE GARRETT | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case No.  2010 CR 00076


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          February 14, 2011


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN FERRERO                              EUGENE O'BYRNE
PROSECUTING ATTORNEY                      101 Central Plaza South
RENEE WATSON                              Suite 500
ASSISTANT PROSECUTOR                      Canton, Ohio  44702
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, J.*

{¶1} Defendant-Appellant Jamie Garrett appeals the July 7, 2010, decision of the Stark County Court of Common Pleas revoking his community control and imposing his previously suspended sentence.

## STATEMENT OF THE CASE AND FACTS

{¶2} The relevant facts are as follows:

{¶3} On February 4, 2010, Appellant Jamie Garrett was indicted on one count of menacing by stalking, in violation of R.C. §2903.21(A)(1)(B) and/or (C), a fourth degree felony, and seven counts of violating a protection order, in violation of R.C. §2919.27(A)(1), felonies of the fifth degree.

{¶4} On March 8, 2010, Appellant entered a plea of guilty as charged.

{¶5} On April 5, 2010, following a pre-sentence investigation, the trial court sentenced Appellant to a three-year period of community control, with the first year to be served in the intensive supervision program.[1] The conditions of Appellant's community control included, inter alia, a prohibition from using alcohol, no contact with anyone with a criminal record and instructions to follow all written and verbal orders of his supervising officer. Appellant was also ordered to secure the permission of his supervising officer before traveling outside of Stark County. The trial court reserved a 94 month prison sentence in the event that Appellant failed to comply with the terms and conditions of his community control.

{¶6} On June 7, 2010, a motion to revoke or modify Appellant's community control was filed by his supervising officer.

---

[1] Conditions of Appellant's intensive supervision included that Appellant spend the first 30 days on GPS house arrest and further comply with the Day Reporting program.

{¶7} On June 30, 2010, a hearing was held on the motion to revoke. At the hearing, the trial court heard testimony from Arlune Culler, Appellant's supervising officer. Culler stated that Appellant violated the terms of his community control by continuing to consume alcohol, associating with a convicted felon, even after being told to cease such contact, and for violating his GPS monitoring. She further testified that she had provided Appellant with a re-lapse prevention plan after he had self-reported alcohol use but that he failed to meet the goals of such plan which included Day Reporting, AA meetings and house arrest. Additionally, Culler personally observed beer cans in Appellant's trash on a number of occasions.

{¶8} Appellant presented no testimony or evidence.

{¶9} The trial court, based on the above, found that Appellant had violated the terms and conditions of his community control and imposed the previously suspended 94-month prison sentence.

{¶10} Appellant now appeals, assigning the following error for review:

**ASSIGNMENT OF ERROR**

{¶11} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE OF NINETY-FOUR MONTHS."

**I.**

{¶12} In his sole assignment of error, Appellant asserts that the trial court abused its discretion in imposing a maximum sentence of ninety-four months. We disagree.

{¶13} The right to continue on community control depends on compliance with community control conditions and "is a matter resting within the sound discretion of the

court." *State v. Schlecht,* 2nd Dist. No.2003-CA-3, 2003-Ohio-5336, citing *State v. Johnson* (May 25, 2001), 2nd Dist. No. 17420.

{¶14} In *State v. Gullet,* Muskingum App. No. CT2006-0010, 2006-Ohio-6564, ¶ 22-23, this Court explained the following:

{¶15} "In a probation revocation proceeding, the prosecution need not produce evidence establishing a probation violation beyond a reasonable doubt. Rather, the prosecution must present substantial proof that a defendant violated the terms of his or her probation. *State v. Hylton* (1991), 75 Ohio App.3d 778, 600 N.E.2d 821; *State v. Mingua* (1974), 42 Ohio App.2d 35, 327 N .E.2d 791; *State v. Umphries* (June 30, 1998), Pickaway App. No. 97CA45, unreported. Accordingly, in order to determine whether a defendant's probation revocation is supported by the evidence, a reviewing court should apply the 'some competent, credible evidence' standard set forth in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. See *State v. Umphries* (July 9, 1998), Pickaway App. No. 97CA45; *State v. Puckett* (Nov. 12, 1996), Athens App. No. 96CA1712. This highly deferential standard is akin to a preponderance of evidence burden of proof. See *State v. Kehoe* (May 18, 1994), Medina App. No. 2284-M. We see no difference in the standard of review between a probation violation and a violation of community control sanctions.

{¶16} "Once a court finds that a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion. See *State v. Scott* (1982), 6 Ohio App.3d 39, 452 N.E.2d 517; *Umphries,* supra; *State v. Conti* (1989), 57 Ohio App.3d 36, 565 N.E.2d 1286; *State v. Daque* (Aug. 11, 1997), Ross App. No. 96CA2256. Thus, a reviewing court will not reverse a trial court's decision

absent an abuse of discretion. *State v. Sheets* (1996), 112 Ohio App.3d 1, 677 N.E.2d 818."

{¶17}  In the instant case, as set forth above, the trial court  heard testimony from Appellant's probation officer that he violated the terms of his community control by consuming alcohol, associating with a known felon, travelling outside of the county without prior approval, violating his GPS monitoring and house arrest, failing to comply with Day Reporting, and failing to attend AA meetings.

{¶18} Based on such testimony, we find that the trial court did not abuse its discretion in finding that Appellant violated the terms and conditions of his community control and revoking same.

{¶19} Appellant also argues that the trial court abused its discretion by sentencing him to ninety-four months in prison.

{¶20}  At the outset, we note there is no constitutional right to an appellate review of a criminal sentence. *Moffitt v. Ross* (1974), 417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341; *McKane v. Durston* (1894), 152 U.S. 684, 687, 14 S.Ct. 913. 917; *State v. Smith* (1997), 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668; *State v. Firouzmandi,* 5th Dist No. 2006-CA-41, 2006-Ohio-5823. An individual has no substantive right to a particular sentence within the range authorized by statute. *Gardner v. Florida* (1977), 430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205, 51 L.Ed.2d 393; *State v. Goggans,* Delaware App.No. 2006-CA-07-0051, 2007-Ohio-1433 at ¶ 28. In other words "[t]he sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction ... It is not

the duration or severity of this sentence that renders it constitutionally invalid...." *Townsend v. Burke* (1948), 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690.

{¶21} In a plurality opinion, the Supreme Court of Ohio established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

{¶22} This Court has previously held that as a plurality opinion, *Kalish* is of limited precedential value. *State v. White*, Stark App.No. 2009-CA-00111 , 2009-Ohio-6447; *See also Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (characterizing prior case as "of questionable precedential value inasmuch as it was a plurality opinion which failed to receive the requisite support of four justices of this court in order to constitute controlling law"). See, also, *State v. Franklin* (2009), 182 Ohio App.3d 410, 912 N.E.2d 1197, 2009-Ohio-2664 at ¶ 8. "Whether *Kalish* actually clarifies the issue is open to debate. The opinion carries no syllabus and only three justices concurred in the decision. A fourth concurred in judgment only and three justices dissented." *State v. Ross,* 4th Dist. No. 08CA872, 2009-Ohio-877, at FN 2; *State v. Welch,* Washington App. No. 08CA29, 2009-Ohio-2655 at ¶ 6; *State v. Ringler* (Nov. 4, 2009), Ashland App. No. 09-COA-008. Nevertheless, until the Supreme Court of Ohio provides further guidance on the issue, we will continue to apply *Kalish* to appeals

involving felony sentencing *State v. Welch,* supra; *State v. Reed,* Cuyahoga App. No. 91767, 2009-Ohio-2264 at FN2; *State v. Ringler,* supra.

**{¶23}** The Supreme Court held, in *Kalish,* that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶ 18. The Court further held that the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶ 20; *State v. Wolfe,* Stark App.No. 2008-CA-00064, 2009-Ohio-830 at ¶ 25.

**{¶24}** The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in *State v. Foster,* i.e. " * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 30, 2006-Ohio-856 at ¶ 100, 845 N.E.2d 470, 498.

**{¶25}** Accordingly, if Appellant violates his community control sanctions, the trial court must conduct a second sentencing hearing following the community-control violation and at that time comply with the decision in *Foster.* Thus, at the time of the second sentencing hearing, Appellant could be sentenced to a term of incarceration either less than, but not more than, the ninety-four (94) month term that the court advised at the original sentencing hearing held on April 5, 2010. The trial court has full

discretion to impose a prison sentence within the statutory range and is no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Hines,* Ashland App. No. 2005-COA-046, 2006-Ohio-4053 at ¶ 9; *State v. Wolfe,* supra.

**{¶26}** In the case at bar, at the original sentencing hearing in this case, the trial court notified Appellant that the prison term to be imposed upon revocation of his community control sanction would be ninety-four (94) months. (See, Judgment Entry, filed April 9, 2010). When the trial court subsequently revoked Appellant's community control, it imposed that very sentence.

**{¶27}** Upon review, we find that the trial court's sentence of seventeen (17) months on the charge of menacing by stalking, a felony of the fourth degree, complies with the statutory sentencing range of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, or 18 months. We further find that the trial court's sentences of eleven (11) months on each of the charges of fifth degree felonies of violating a protection order, complies with the statutory sentencing range of 6, 7, 8, 9, 10, 11 or 12 months.

**{¶28}** Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in R.C. §2929.11 and §2929.12 and also advised Appellant regarding post release control. Therefore, the sentence is not clearly and convincingly contrary to law.

**{¶29}** Having determined that the sentence is not contrary to law, we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v. Firouzmandi,* Licking App.No. 2006-CA-41, 2006-Ohio-5823 at ¶ 40. In reviewing the

record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

{¶30} In the case at bar, the trial court conducted an evidentiary hearing upon the motion to revoke Appellant's community control sanctions. Further, the trial court had the benefit of a pre-sentence investigation report at the original sentencing hearing. There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of Appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment. *State v. Firouzmandi,* supra at ¶ 43.

{¶31} Based on the record, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated Appellant's rights to due process under the Ohio and United States Constitutions in its sentencing Appellant to the term of ninety-four months incarceration. Further, the sentence in this case is not so grossly disproportionate to the offense as to shock the sense of justice in the community.

**{¶32}**  Appellant's sole assignment of error is overruled.

**{¶33}**  For the foregoing reasons, the judgment of the Court of Common Pleas of

Stark County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Edwards, J., concur.


_____


_____


_____

JUDGES

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                     :
                                           :
-vs-                                       :          JUDGMENT ENTRY
                                           :
JAMIE GARRETT                              :
                                           :
    Defendant-Appellant                    :          Case No. 2010 CA 00210


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____

JUDGES