[Cite as *State v. Williams*, 2012-Ohio-508.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2011AP050020 |
| KIRK R. WILLIAMS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Tuscarawas County Court
                           of Common Pleas, Case No. 2008 CR 12
                           0301

JUDGMENT:                  Affirmed

DATE OF JUDGMENT ENTRY:    February 9, 2012

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

RYAN STYER                          JOSE IBORRA
Tuscarawas County Prosecutor        2859 Aaronwood Avenue NE
PATRICK J. WILLIAMS                 Massillon, Ohio 44646
Assistant County Prosecutor
for Tuscarawas County
125 East High Avenue
New Philadelphia, Ohio 44663

*Hoffman, P.J.*

(¶1) Defendant-appellant Kirk Williams appeals his sentence entered by the Tuscarawas County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE

(¶2) On March 4, 2011, the state of Ohio filed a motion to revoke or modify Appellant's community control. The state alleged: on or about February 12, 2011, Appellant caused or attempted to cause physical harm to Hallie Blanchard; on or about February 3, 2011, Appellant failed to report to his supervising officer as instructed; and, on or about February 12, 2011, he admitted to his supervising officer he had in his possession or under his control marijuana and had been under the influence of alcohol.

(¶3) The trial court scheduled a hearing on the motion to revoke or modify on April 4, 2011. At the hearing, the State dismissed count two. Following the close of evidence, the trial court found Appellant violated the terms of his community control in admitting to the use of alcohol.

(¶4) Via Judgment Entry of April 5, 2011, the trial court sentenced Appellant to three years imprisonment, with credit for time served.

(¶5) Appellant now appeals, assigning as error:

(¶6) "I. DID SUBSTANTIAL PROOF EXIST THAT APPELLANT VIOLATED HIS COMMUNITY CONTROL SANCTIONS?"

I.

(¶7) A community control revocation hearing is not a criminal trial. *State v. White,* Stark App. No.2009–CA–00111, 2009–Ohio–6447. The state therefore need not establish a community control violation by proof beyond a reasonable doubt. *White,*

supra at ¶ 13; *State v. Ritenour,* Tuscarawas App. No.2006AP010002, 2006–Ohio–4744 at ¶ 36; *State v. Spencer,* Perry App. No.2005–CA–15, 2006–Ohio–5543 at ¶ 12; *State v. Henry,* Richland App. No.2007–CA–0047, 2008–Ohio–2474. As this Court noted in *Ritenour,* "Rather, the prosecution must present substantial proof that a defendant violated the terms of his or her probation ... Accordingly, in order to determine whether a defendant's probation revocation is supported by the evidence, a reviewing court should apply the 'some competent, credible evidence' standard set forth in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St .2d 279, 376 N.E.2d 578 ... This highly deferential standard is akin to a preponderance of evidence burden of proof ..." *State v. Ritenour,* supra at ¶ 36. (Citations omitted). See also, *State v. Gullet,* Muskingum App. No. CT2006–0010, 2006–Ohio–6564, ¶ 22–23.

**(¶8)** Once a court finds a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion. *State v. White,* supra at ¶ 14. (Citing *State v. Ritenour,* supra at ¶ 37). (Internal Citations omitted). Thus, a reviewing court will not reverse a trial court's decision absent an abuse of discretion. *State v. Sheets* (1996), 112 Ohio App.3d 1, 677 N.E.2d 818; *State v. Ritenour,* supra at ¶ 37. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Maurer* (1984), 15 Ohio St.3d 239, 253, 473 N.E.2d 768.

**(¶9)** The trial court's November 13, 2009 original sentence imposing community control specifically states:

**(¶10)** "It is hereby ORDERED that the Defendant is sentenced to **five (5) years** of Community Control subject to the general supervision and control of the Adult

Probation Department under any terms and conditions that they deem appropriate, including that the Defendant shall be prohibited from leaving the State without permission of the Court or the Adult Probation Department.  The Defendant shall abide by all laws including, but not limited to, the laws related to firearms and dangerous ordinance.

**(¶11)** "The Court further imposes specific conditions as follows

**(¶12)** "1. That the Defendant follow all rules of community control as previously established by this Court;

**(¶13)** "2. ***

**(¶14)** "3. That the Defendant not consume alcohol or drugs, or enter into establishments whose primary source of business is the sale of alcoholic beverages and that the Defendant submit to random screening and a breathalyzer upon demand;***"

**(¶15)** At the April 4, 2011 hearing on the State's motion to modify or revoke Appellant's community control, Appellant testified:

**(¶16)** "Q. You, you, you indicated that she went out, you went to a buddy's, and you were drinking at your buddy's, weren't you?

**(¶17)** "A. Yes, I did.

**(¶18)** "Q. And you were irritated that you couldn't fin-- locate her, weren't you?

**(¶19)** "A. I was a little bit upset - -

**(¶20)** "Q. Okay.

**(¶21)** "* * *

**(¶22)** "Q. Okay, but you were drinking that night?

**(¶23)** "A. Yes, I was.

**(¶24)** "Q. In violation of your probation?

**(¶25)** "A. Yes, I was.  I --

**(¶26)** "Q. And let's go back to the beginning of this case.  You were drinking and you got in a, in an altercation that night too, didn't you?  That's how this whole thing happened, this felonious assault.  You were in a bar drinking and you sucker punched somebody in the face and shattered - -

**(¶27)** "A. I didn't sucker punch anybody.

**(¶28)** "Q. - -  their eye socket."

**(¶29)** Tr. at 34.

**(¶30)** By Appellant's own admission, he violated the terms of his community control by drinking alcohol and entering a drinking establishment.  Therefore, we find substantial evidence was introduced establishing Appellant violated the terms of his community control, and the trial court did not abuse its discretion in revoking the same.

**(¶31)** The April 5, 2011 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KIRK R. WILLIAMS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2011AP050020 |

For the reason stated in our accompanying Opinion, the April 5, 2011 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE