[Cite as *State v. Garner*, 2016-Ohio-461.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JASON GARNER | : | Case No. 2015 AP 06 0031 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the New Philadelphia Municipal Court, Case No. TRC 1205012A

JUDGMENT:          Affirmed

DATE OF JUDGMENT:          February 5, 2016

APPEARANCES:

For Plaintiff-Appellee

DOUGLAS JACKSON
339 Oxford Street
Dover, OH 44622

For Defendant-Appellant

NICOLE R. STEPHAN
153 North Broadway
New Philadelphia, OH 44663

*Farmer, P.J.*

{¶1} On March 10, 2015, Probation Officer Leslie Miller filed a motion to find appellant, Jason Garner, in violation of his community control sanctions. Appellant had been charged with domestic violence and assault while on community control for an OMVI conviction dating back to March 2013. Appellant's community control had been previously revoked on April 9, 2014 for consuming alcohol in violation of his community control sanctions. Appellant was ordered to serve thirty days in jail on this first revocation.

{¶2} A hearing on the second motion to revoke was held on June 15, 2015. By judgment entry filed June 16, 2015, the trial court found appellant had violated his community control sanctions again by failing to abide by the law, and sentenced him to thirty days in jail and extended his community control sanctions.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE FINDING THAT THE DEFENDANT/APPELLANT JASON GARNER VIOLATED HIS TERMS OF COMMUNITY CONTROL SANCTIONS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THE DEFENDANT/APPELLANT TO BE IN VIOLATION OF HIS COMMUNITY CONTROL SANCTIONS."

III

{¶6} "THE TRIAL COURT VIOLATED THE MINIMUM DUE PROCESS REQUIREMENTS AND GUARANTEES AT THE HEARING ON THE PROBATION REVOCATION OF MR. GARNER'S COMMUNITY CONTROL SANCTIONS."

I, II

{¶7} Appellant claims the trial court's finding of a violation of community control sanctions was against the manifest weight of the evidence and the trial court abused its discretion in so finding. We disagree.

{¶8} As explained by this court in *State v. Ritenour,* 5th Dist. Tuscarawas No. 2006AP010002, 2006-Ohio-4744, ¶ 36-37:

In a probation revocation proceeding, the prosecution need not produce evidence establishing a probation violation beyond a reasonable doubt. Rather, the prosecution must present substantial proof that a defendant violated the terms of his or her probation. *State v. Hylton* (1991), 75 Ohio App.3d 778, 600 N.E.2d 821; *State v. Mingua* (1974), 42 Ohio App.2d 35, 327 N.E.2d 791; *State v. Umphries* (June 30, 1998), Pickaway App. No. 97CA45, unreported. Accordingly, in order to determine whether a defendant's probation revocation is supported by the evidence, a reviewing court should apply the "some competent, credible evidence" standard set forth in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. See *State v. Umphries* (July 9, 1998), Pickaway App. No. 97CA45; *State v. Puckett* (Nov. 12, 1996), Athens App. No. 96CA1712. This highly deferential standard is akin to a preponderance of

evidence burden of proof. See *State v. Kehoe* (May 18, 1994), Medina App. No. 2284-M. We see no difference in the standard of review between a probation violation and a violation of community control sanctions.

Once a court finds that a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion. See *State v. Scott* (1982), 6 Ohio App.3d 39, 452 N.E.2d 517; *Umphries,* supra; *State v. Conti* (1989), 57 Ohio App.3d 36, 565 N.E.2d 1286; *State v. Daque* (Aug. 11, 1997), Ross App. No. 96CA2256. Thus, a reviewing court will not reverse a trial court's decision absent an abuse of discretion. *State v. Sheets* (1996), 112 Ohio App.3d 1, 677 N.E.2d 818.

{¶9} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶10} The affidavit of appellant's probation officer, Leslie Miller, claimed appellant violated his community control sanctions by failing "to abide by the law, to wit: CRB 1500123 A-B" wherein appellant was charged with domestic violence and assault by allegedly striking a former girlfriend outside a bar. T. at 7, 11. Ms. Miller testified this was not appellant's first revocation in this case. T. at 8. A prior violation was found against appellant for assaulting his then girlfriend. *Id.* Appellant's probation was continued and he was ordered to serve thirty days in jail. *Id.*

{¶11} The responding officer, Dover Police Captain Seth Ryan Lurie, testified the victim told him appellant had punched her in the face, and he observed "a mark on one

of her eyes, on the corner of an eye."  T. at 11, 13; State's Exhibit A.  Captain Lurie explained appellant and another individual were involved in "mutual combat."  *Id.*

{¶12}  At the conclusion of the hearing, the trial court found the following (T. at 19):

THE COURT: Okay, all right.  The standard of proof when you are on probation, Mr. Garner, is not proof beyond a reasonable doubt as it is on the new charge.  The standard of proof is what's called a preponderance of the evidence.  It's more likely than not that you violated the term of your probation as stated in the motion.

On that basis I am going to find that you did violate your probation. You're not supposed to be at a bar.  It's like déjà vu all over again with the New Year's Eve thing.  I'm going to find that you did violate and now we're going to talk about the sentence because, you know, for your probation officer to sit here and say oh yeah, he's abiding by his probation?  Yeah, as far as we know until it all goes south in a bar so apparently you're not.

So you are charged, you were convicted of driving under the influence of alcohol, you have a hundred and eighty days in jail imposed originally and I believe that you've served forty of those days if I'm correct because you had a prior revocation for, who did you beat the devil out of in that case, was that Jade Berger?

{¶13} Appellant admitted to the trial court that he was at a bar with his girlfriend "and then I ran into my cousin and we had an argument and it spilled out into the street and everything went haywire." T. at 23.

{¶14} Upon review, we find the trial court's limited finding of not abiding by the law and being at a bar to be within the revocation request and consistent with the evidence.

{¶15} Although defense counsel requested a continuance of sentencing until after the outcome of the new charges, it was made after the taking of evidence. T. at 21. It is also clear from the trial court's frustration with appellant, the major concern was appellant being at a bar when he was on probation for OMVI and this was his second revocation: "You keep making mistakes. They all involve alcohol and your inability to control your temper, two things that you can deal with easily but you just choose not to." T. at 26.

{¶16} Assignments of Error I and II are denied.

III

{¶17} Appellant claims his due process rights were violated because a witness or the victim did not testify to the incident. We disagree.

{¶18} As stated in Assignments of Error I and II, the trial court's decision was made separate and apart from the domestic violence and assault charges. The trial court found appellant violated his community control by being at a bar, a violation of the terms of his community control. T. at 19. Although aggravated by the allegation of a repeat domestic violence offense, the trial court centered on appellant's ability or lack of ability to make good choices. T. at 22, 26.

{¶19} Upon review, we do not find any violation of appellant's due process rights.

{¶20} Assignment of Error III is denied.

{¶21} The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Wise, J. concur.

SGF/sg 115